PRETE, Appellee,

v.

AKRON CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellant.

[Cite as *Prete v. Akron City School Dist. Bd. of Edn.* (1995), 106 Ohio App.3d 761.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17131.

Decided Oct. 13, 1995.

762

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald Macala* and *Shawn Groff,* for appellee.

*Whalen & Compton Co., L.P.A., Dennis Whalen, R. Brent Minney* and *Craig A. Robinson,* for appellant.

---

*Per Curiam.*

The Akron City School District Board of Education ("board") has appealed from an order of the Summit County Court of Common Pleas that reversed the decision of the Akron Civil Service Commission ("commission") and ordered reinstatement of appellee Ralph Prete as an elementary school custodian. The board has argued that the common pleas court incorrectly determined that Prete was not responsible for the care, custody, or control of a child within the meaning of R.C. 3319.39. This court reverses the common pleas court's judgment because, as a matter of law, a preponderance of reliable, probative, and substantial evidence supported the commission's decision to uphold the discharge of Prete.

I

The board hired Prete as a five-hour custodian at one of its elementary schools on January 12, 1994. At the time he was hired, the board informed him that his

employment was conditioned upon satisfactory completion of a criminal records check by the Ohio Bureau of Criminal Identification and Investigation. As a result of the criminal records check, the board learned that Prete had been convicted of or pleaded guilty to a violation of R.C. 2907.09, public indecency, on August 18, 1975.

R.C. 3319.39(B)(1) provides:

"Except as provided in rules adopted by the department of education in accordance with division (E) of this section and as provided in division (B)(3) of this section, no board of education of a school district and no governing authority of a chartered nonpublic school shall employ a person as a person responsible for the care, custody, or control of a child if the person previously has been convicted of or pleaded guilty to any of the following:

"(a) A violation of section * * * 2907.09 * * * of the Revised Code."

The board discharged Prete on April 28, 1994, effective April 26, 1994, on two grounds: (1) he had failed to list his conviction on his employment application; and (2) he was disqualified from employment by his public indecency conviction.

Prete appealed his discharge to the commission, which held a hearing on June 30, 1994. The commission rejected the board's claim that it was justified in discharging Prete because he had failed to list his conviction on his employment application. It determined, however, that employment of Prete by the board would be a violation of R.C. 3319.39 and upheld his discharge.

Prete appealed the commission's decision to the Summit County Court of Common Pleas. On January 6, 1995, the common pleas court entered a judgment that reversed the commission's decision and ordered Prete reinstated to his former position. According to the common pleas court, Prete "clearly was not in a position 'as a person responsible for the care, custody, or control of a child.'" The board timely appealed to this court.

## II

■ The board's sole assignment of error is that the common pleas court incorrectly determined that Prete was not responsible for the care, custody, or control of a child within the meaning of R.C. 3319.39. R.C. 2506.04 governs the standard of review for appeals from an administrative board to a common pleas court:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order,

adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

In *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1117, the Ohio Supreme Court addressed the trial court's standard of review in an R.C. Chapter 2506 appeal:

"Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record, and whatever additional evidence may be admitted pursuant to R.C. 2506.03, to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand."

A court of appeals must affirm the common pleas court, unless it finds, as a matter of law, that the common pleas court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 29–30, 465 N.E.2d 848, 852; *Dudukovich,* 58 Ohio St.2d at 208, 12 O.O.3d at 202, 389 N.E.2d at 1117.

Prete's shift as a five-hour custodian began at 2:30 p.m. He reported to work as students were being dismissed. His regular duties consisted of cleaning and maintaining the school building. Prete had contact with students as they were leaving school and with students who were in the school after regular school hours because they returned to retrieve books or because they were involved in after-school activities.

The board has argued that "all adult school district employees possess the inherent authority to direct, control, and deal with students as the need arises." The Coordinator of Classified Staff of the Akron Public Schools testified at the Commission hearing about whether Prete, as a custodian, was responsible for the care, custody, or control of children:

"Q: As far as your understanding of the statute, who is subject to a criminal records check under that statute?

"A: All employees of the Board of Education are subject.

"Q: In your opinion, would custodial workers be individuals who have the custody or control of students?

"A: Yes. Any individual that is employed by the Board of Education would have that contact, and some control."

It has further argued, in regard to Prete specifically, that "it would be expected that [he] would intervene if he observed a student engaging in conduct that is dangerous or in violation of school rules and control, direct, or deal with the student accordingly." Prete at the commission hearing admitted that, during an emergency, he could be entrusted with the care of children: "Yes. I might end up in a situation where I had to help children in case * * * of an emergency or something."

■ This court finds that, as a matter of law, a preponderance of reliable, probative and substantial evidence supported the commission's decision that Prete was subject to discharge pursuant to R.C. 3319.39. The testimony supports a finding that Prete had responsibility for the care, custody, or control of children in that he regularly had contact with children and could have been entrusted with their care during an emergency. The common pleas court, therefore, should have affirmed the decision of the commission. The board's assignment of error is sustained.

### III

The judgment of the Summit County Court of Common Pleas is reversed.

*Judgment reversed.*

REECE, P.J., and SLABY, J., concur.

DICKINSON, J., dissents.

DICKINSON, Judge, dissenting.

In its judgment entry, the common pleas court reasoned that adoption of the board's argument would not be consistent with the legislature's apparent intent:

"There is no evidence that § 3319.39 was enacted with the intent of requiring that *all* applicants for employment with a school district or school be subject to a criminal records check. Rather, the statute expressly states that only those persons responsible for the '*care, custody, or control* of a child' are required to undergo such a check. If the legislature had intended that the criminal records check requirement apply to *all* applicants for employment with a school district or school, it could have specifically stated so." (Emphasis *sic.*)

I cannot disagree with the common pleas court's conclusion that the words chosen by the legislature indicate that it did not intend to bar people convicted of the crimes listed in R.C. 3319.39(B)(1) from all employment with a school district. The statute does not say that such people are barred from any employment, or even that they are barred from employment in buildings where students may be present. It says that they are barred from employment in positions in which they would be "responsible for the care, custody, or control of a child." Nor can I disagree with the trial court's conclusion that, as a five-hour custodian, Prete was not employed in a position in which he was "responsible for the care, custody, or control of a child." I would overrule the board's assignment of error and affirm the common pleas court.