202

DUDUKOVICH, APPELLEE, *v.* LORAIN METROPOLITAN HOUSING AUTHORITY, APPELLANT.

(No. 78-1071—Decided May 23, 1979.)

*Messrs. Smith & Smith* and *Mr. Kenneth P. Frankel,* for appellee.

*Messrs. Warhola & O'Toole* and *Mr. Dennis M. O'Toole,* for appellant.

*Per Curiam.* Initially we are confronted with a challenge by appellant to the assumption of jurisdiction by the Court of Common Pleas in this cause. Specifically, appellant contends that Marie Dudukovich did not comply with the requirements of R. C. Chapter 2505, pertaining to the filing of a notice of appeal from an agency decision.[a] R. C. 2505.04 provides, as follows:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. * * * [N]o step required to be taken subsequent to the perfection of the appeal is jurisdictional."

R. C. 2505.07(B) requires that such an appeal be perfected within ten days of the entry of a final order by the agency. Here, the final decision by LMHA was reached at the conclusion of the May 23, 1977, hearing. Appellee filed

---

[a] Under the definition of R. C. 3735.50, LMHA is a political subdivision of the state of Ohio. R. C. 2506.01 provides for review in the Court of Common Pleas of a final decision of the board of a political subdivision, and refers to R. C. Chapter 2505 as controlling perfection of the appeal.

a notice of appeal with the Court of Common Pleas on May 31, 1977, and sent a copy of the notice to appellant by certified mail on May 28, 1977.

Although R. C. 2505.04 is, admittedly, not explicit on this point, it appears to require that written notice be filed, within the time limit prescribed by R. C. 2505.07(B), with the agency or board from which the appeal is being taken, in order for the appeal to be perfected. As a practical matter, such notice must also be filed, within the same time limit, with the Court of Common Pleas, in order for it to assume jurisdiction. This filing statute was similarly interpreted by the Court of Appeals for Franklin County in *Bartlett* v. *Snouffer* (1945), 44 Ohio Law Abs. 612, 64 N. E. 2d 848. In construing the predecessor to R. C. 2505.04, that court, at page 613, stated: "In order to perfect the appeal it was necessary * * * to file the notice of appeal in the Justice's Court [the lower court] as well as in the Court of Common Pleas [the appellate court]. Since the * * * two notices were not filed, 12223-4 G. C., was not complied with and the Court of Common Pleas acquired no jurisdiction."

The issue thus becomes whether Dudukovich sufficiently complied with R. C. 2505.04 by mailing a copy of the notice of appeal to LMHA. It is established that the act of depositing the notice in the mail, in itself, does not constitute a "filing," at least where the notice is not received until after the expiration of the prescribed time limit. *Fulton, Supt. of Banks,* v. *State, ex rel. General Motors Corp.* (1936), 130 Ohio St. 494. Rather, "[t]he term 'filed' * * * requires actual delivery * * *." *Id.*, at paragraph one of the syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated in *Columbus* v. *Upper Arlington* (1964), 94 Ohio Law Abs. 392, 397, 201 N. E. 2d 305, "any method productive of certainty of accomplishment is countenanced." Having considered appellee's method of service, we find that simply "[b]ecause the manner of delivery is unusual does not make it illegal." *Id.*

Since there is evidence in the record that appellant did eventually receive the mailed copy of the notice,[3] the question remains whether it received the notice within the ten-day time limit prescribed by R. C. 2505.07(B). In a situation such as this, a presumption of timely delivery, as first was expressed in *Young* v. *Bd. of Review* (1967), 9 Ohio App. 2d 25, should control. (In that case the notice of appeal was mailed to the lower court six days prior to the expiration of the time limit. The exact date of its receipt was not known, the clerk of courts having found it " 'under some books in her office' " nine days after mailing.) There, the appellate court took judicial notice of the ordinary course of the mails and concluded that, in the absence of evidence to the contrary, it is to be presumed that the notice of appeal was timely filed. Such a presumption is applicable in the instant cause. Here, a copy of the notice of appeal was sent by certified mail, to a destination within the same city, five days prior to the expiration of the statutory time limit. Appellant having presented no evidence of late delivery, a presumption of timely delivery controls; thus, the Court of Common Pleas correctly assumed jurisdiction in this cause.

The other major issue presented by the appeal is whether the Court of Common Pleas acted within its scope of review in reversing the decision of LMHA to dismiss appellee. Pursuant to its authority under R. C. 2506.04,[4]

---

[3]The "Transcript of Docket and Journal Entries To Court of Appeals" shows that on September 21, 1977, appellant filed a transcript of the proceedings before it. R. C. 2506.02 requires that this be done after the notice of appeal has been filed with "the officer or body from which the appeal is taken." By complying with R. C. 2506.02, appellant thus admits eventual receipt of the notice of appeal.

[4]R. C. 2506.04 reads as follows:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instruc-

that court held that "[u]pon review of the transcript and exhibits filed," the decision of appellant was "arbitrary, unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." The Court of Common Pleas made no findings of fact in this regard.

As a basis for affirming the judgment of that court, the Court of Appeals cited our decision in *Arcaro Bros. Builders, Inc.,* v. *Zoning Bd. of Appeals* (1966), 7 Ohio St. 2d 32. In that case we held that, since the board had refused permission to have any of the witnesses sworn, the record contained no evidence. Thus, R. C. 2506.04 sanctioned a reversal of the board's decision. However, that case was subsequently distinguished in the syllabus of *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, wherein we held: "The omission of administration of the oath to a witness in a trial or administrative hearing is waivable error. * * *"

In the hearing before the board of directors of appellant there was no objection raised to the unsworn character of the executive director's testimony, nor to the admission of any of the exhibits. Thus, contrary to the view of the Court of Appeals, we must assume that the Court of Common Pleas weighed all the evidence presented to the board in reaching its conclusion that the decision of the board was "arbitrary, unreasonable and unsupported by a preponderance of the substantial, reliable and probative evidence on the whole record."

The issue is thus narrowed to a question of whether the Court of Common Pleas properly conceived of its scope of review under R. C. 2506.04 as including a weighing of the evidence. In one of the few instances this court has had to consider the scope of review provided for by R. C. Chapter 2506, we stated that, "* * * [a]lthough a hearing before the Court of Common Pleas pursuant to R. C. 2506.01

tions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."

is not *de novo*, it often in fact resembles a *de novo* proceeding. R. C. 2506.03 specifically provides that an appeal pursuant to R. C. 2506.01 'shall proceed as in the trial of a civil action,' and makes liberal provision for the introduction of new or additional evidence. R. C. 2506.04 requires the court to examine the 'substantial, reliable and probative evidence on the whole record,' which in turn necessitates both factual and legal determinations. Clearly, the function of a Court of Common Pleas in a R. C. Chapter 2506 appeal differs substantially from that of appellate courts in other contexts." *Cincinnati Bell v. Glendale* (1975), 42 Ohio St. 2d 368, 370. Similarly, in interpreting the scope of review of decisions of specific state agencies under analogous R. C. 119.12, we have held that "* * * the Court of Common Pleas * * * must give consideration to the entire record * * * and must *appraise* all such evidence as to the credibility of the witnesses, the probative character of the evidence and the *weight* to be given it * * *." (Emphasis added.) *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, paragraph one of the syllabus.

Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record, and whatever additional evidence may be admitted pursuant to R. C. 2506.03, to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is "preponderance." If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand.

In determining whether the standard of review prescribed by R. C. 2506.04 was correctly applied by the Court of Common Pleas, both this court and the Court of Appeals have a limited function. R. C. 2506.04 provides, in

part: "The judgment of the court [of common pleas] may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code." Referring to R. C. 2505.31, we find that "[i]n a civil case or proceeding * * *, the supreme court need not determine as to the weight of the evidence." Thus, our inquiry is limited to a determination of whether, as a matter of law, we can say that there did exist a preponderance of reliable, probative and substantial evidence to support appellant's decision to dismiss appellee. If so, we should reverse the judgment of the Court of Appeals which affirmed the Court of Common Pleas; otherwise, we must affirm the Court of Appeals.

The sole testimony adduced at the hearing below was that of the executive director of LMHA. Appellee offered no testimony on her own behalf. As it related to the five reasons for appellee's dismissal, the testimony was completely hearsay. Likewise, the contents of the exhibits were hearsay, with none of them being authenticated or verified by their authors. Since the admission of this evidence was not objected to, it "may properly be considered and given its natural probative effect as if it were at law admissible, the only question being with regard to how much weight should be given thereto." *State v. Petro* (1947), 148 Ohio St. 473, paragraph eight of the syllabus. However, simply because such evidence had to be considered as admissible does not mean that the Court of Common Pleas was bound to find that it was reliable and substantial proof of the charges against appellee. In actuality, the evidence in the record that would support a finding of malfeasance by Dudukovich in her job performance is inconclusive, at best. The evidence pertaining to the first charge against her consists of subjective judgments of third parties, not present at the hearing. The inherent unreliability of such evidence should be apparent. The evidence relating to the other charges is even more circumspect.

Having examined the record, this court concludes that the Court of Common Pleas did not abuse its discretion in

finding as it did. The judgment of the Court of Appeals is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., KEEFE, P. BROWN, SWEENEY and HOLMES, JJ., concur.
HERBERT and POTTER, JJ., dissent.

KEEFE, J., of the First Appellate District, sitting for W. BROWN, J.
POTTER, J., of the Sixth Appellate District, sitting for LOCHER, J.

POTTER, J., dissenting.
I respectfully dissent for the reasons expressed by Judge Mahoney in his dissenting opinion in the Court of Appeals, to wit:
"There is no right of appeal in this case. Mrs. Dudukovich is employed by the Housing authority within the meaning of R. C. 3735.28. She serves at the pleasure of the Board. R. C. Chapter 2506.01 f.f. does not create a right of appeal for her. At best she could be considered a member of the classified civil service subject to what rights, if any, are created for her by R. C. Chapter 124.01. The judgment should be reversed and final judgment entered for the Board."