ENBERG et al., d.b.a. Midwest Manufactured Homes, Appellees,

v.

CANTON TOWNSHIP BOARD OF ZONING APPEALS et al., Appellants.

[Cite as *Enberg v. Canton Twp. Bd. of Zoning Appeals* (1992), 78 Ohio App.3d 828.]

Court of Appeals of Ohio,
Stark County.

No. CA–8968.

Decided Oct. 5, 1992.

*Tzangas, Plakas & Mannos, George J. Tzangas* and *James M. McHugh* for appellees.

*Craig T. Conley,* for appellants.

GWIN, Judge.

Appellants, Canton Township Board of Zoning Appeals and Charles E. Merritt, Canton Township Zoning Inspector, appeal the judgment entered in the Stark County Court of Common Pleas reversing the decision of the Canton Township Board of Zoning Appeals. Appellants assign as error:

### Assignments of Error

### Assignment of Error No. I

"The trial court improperly substituted its judgment for that of the administrative agency."

### Assignment of Error No. II

"The trial court erred in denying the Canton Township Board of Zoning Appeals' motion to dismiss appeal."

### Assignment of Error No. III

"The trial court erred in finding the structure at issue not to be a house-trailer as defined by the Canton Township Zoning Resolution."

### Assignment of Error No. IV

"The trial court erred in denying the Canton Township Board of Zoning Appeals' motion to dismiss Midwest as a party."

On November 9, 1990, James A. Enberg and Debra L. Kieffer ("Enberg and Kieffer") purchased a HUD-certified manufactured sectional home from Midwest Brokering, Inc., d.b.a. Midwest Manufactured Homes ("Midwest"). On November 15, 1990, Enberg and Kieffer applied to the Canton Township Zoning Inspector for a zoning certificate which would permit them to place the sectional home on their property located at 4529 Lincoln Street, East, in Canton Township. The zoning inspector denied the application, claiming the sectional home was considered a "house trailer" as defined by the Canton Township Zoning Resolution. The zoning board of appeals affirmed that decision.

The zoning resolution defined "house trailer" as:

"A self-propelled or nonself-propelled vehicle so designed, constructed or added to or by means of accessories in such manner as will permit the use and occupancy therein for human habitation whether resting on wheels, jacks or other foundation and as a conveyance upon public highways, or of being conveyed upon public highways."

In reaching its decision, the board of zoning appeals focused on the evidence that the sectional home would be transported by truck over public highways on wheels and axles to Enberg and Kieffer's property. Once on the property, the undercarriage transporting the structure would be driven over cement block piers and the tow vehicle, running gear and hitch would then be removed. The sectional home would thereafter "rest" on top of those piers and would subsequently be "tied down to the property and bolted together." The extra I-beams specifically provided for transportation support would not be removed from the sectional home, thereby making it possible for the running gear and hitch, used to transport the structure, to be reattached at a future date.

Kieffer and Enberg explained that the sectional home would be permanently affixed on a crawl space-type foundation thirty-six inches deep in the ground. The sectional home would measure twenty-eight by sixty feet, and consist of three bedrooms, two bathrooms, kitchen, living room, family room, dining room, and laundry room. The dwelling would have a pitched, shingled roof, regular house-like windows, outside walls, vinyl siding, brick facing and a garage.

Midwest, and not Enberg and Kieffer, appealed the board's decision to the Stark County Court of Common Pleas pursuant to R.C. 2506.01. Midwest subsequently dismissed the appeal prior to the court's hearing same.

On July 12, 1991, Enberg and Kieffer again applied to the zoning inspector for a zoning certificate to place the sectional home on their property. The zoning inspector and the zoning board again denied the application.

Enberg, Kieffer, and Midwest filed a timely notice of appeal from the board's decision to the common pleas court, which reversed the board's decision.

## I

■ Through their first assignment, appellants maintain that the common pleas court improperly substituted its judgment for that of the administrative agency. We disagree.

In its decision, the court explained its limited power of review pursuant to R.C. Chapter 2506 and quoted the following passage from *Dudukovich v. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1117.

"Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record * * * to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it did not exist, the court may reverse, vacate, modify or remand."

Upon review of the court's judgment, we believe it applied the proper standard of review and did not substitute its judgment for that of the zoning board of appeals.

Accordingly, we overrule appellants' first assignment.

## II

■ Appellants maintain through their second assignment that the common pleas court erred in denying appellants' motion to dismiss the second appeal on the grounds of *res judicata.*

It is appellants' position that Enberg and Kieffer's failure to prosecute a timely appeal from the zoning board's first denial of a zoning certificate barred them from reapplying for a new zoning certificate.

Appellants' affirmative defense of *res judicata* was waived by their failure to raise same at the administrative level. Therefore, the common pleas court properly overruled appellant's motion to dismiss where, as here, the affirmative defense of *res judicata* was first raised on appeal.

Appellants' second assignment is overruled.

## III

■ Through the third assignment, appellants maintain the common pleas court erred in determining the sectional home in question was not a "house trailer" as defined by the Canton Township zoning resolution.

Here, the common pleas court determined that the preponderance of reliable, probative and substantial evidence did not support the zoning board's decision that the sectional home in question was a "house trailer." Instead, the court concluded from all the evidence that while the sectional home was "mobile" for the limited purpose of transporting same to Enberg and Kieffer's land, it lost that mobility and became a permanent structure once it was affixed to its permanent foundation.

Our role in reviewing the lower court's decision is limited, not to the weight of the evidence, but to whether, as a matter of law, we can find there did exist a preponderance of reliable, probative and substantial evidence to support appellants' decision that the sectional home in question was a "house trailer." See *Dudukovich*, supra, at 208, 12 O.O.3d at 202, 389 N.E.2d at 1117. If we so find, we must reverse the judgment entered in the common pleas court.

Having examined the record, we conclude there did not, as a matter of law, exist a preponderance of reliable, probative and substantial evidence to support appellants' decision.

Accordingly, we overrule appellants' third assignment of error.

## IV

■ Through the final assignment, appellants maintain the common pleas court erred in denying their motion to dismiss Midwest as a party. Appellants opine that Midwest did not have standing to appeal the board's decision to the common pleas court.

Midwest's interests in the outcome of this case are well demonstrated in the record. However, the issue of whether Midwest, as the manufacturer of the sectional home, would *by itself* have standing to prosecute an appeal of the zoning board's decision is not before us. Here, the property owners, Enberg and Kieffer, were joined by Midwest in prosecuting the appeal from the zoning board's decision. As such, a ruling by this court as to whether

Midwest, by itself, had standing to prosecute the instant appeal would be in essence an advisory opinion for which we lack jurisdiction.

Accordingly, we determine the issue raised in this assignment to be moot and overrule same.

For the foregoing reasons, the judgment entered in the Stark County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and SMART, JJ., concur.