(873 P.2d 932)
No. 69,833

LYNN M. HALE, *Appellee*, v. SUBSTANCE ABUSE CENTER EAST, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, and THE KANSAS WORKERS COMPENSATION FUND, *Appellants*.

Opinion filed May 6, 1994.

*Keith C. Sevedge*, of Kansas City, *Dennis L. Horner*, of Horner & Duckers, Chartered, of Kansas City, and *Robert D. Benham*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellants.

*Steven K. Nordyke,* of Butler, Missouri, and *Stanley R. McAfee*, of Kansas City, for the appellee.

Before BRAZIL, P.J., LARSON and PIERRON, JJ.

PIERRON, J.: This case is an appeal from the district court's review of an agency action under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* (KAJR). The appellants contend the court erred by holding the service and notice of judicial review was properly given to all the parties. We affirm.

Lynn Hale, petitioner/appellee, filed a petition for judicial review of a workers compensation award. She served the petition on the Director of Workers Compensation. The administrative law judge and the attorneys for the employer, the insurance carrier, and the State Workers Compensation Fund received notice of the petition. The appellants responded, claiming the notice did not comply with K.S.A. 77-613(d), and filed a motion to dismiss. After considering the substantive issues, the court reviewed the parties' memorandums on the procedural issue.

The trial court held the appellee had complied with the requirements of K.S.A. 77-613 and K.S.A. 77-615 and denied the motions to dismiss. The court modified the Director's award, giving Hale a 25% disability to the body as a whole as opposed to a 25% disability to the right knee.·

Because this appeal involves a question of law—the interpretation of a statute—this court is free to substitute its judgment for the trial court's if it disagrees with the trial court's interpretation. See K.S.A. 77-621(c)(4); *Williams v. Excel Corp.*, 12 Kan. App. 2d 662, 664, 756 P.2d 1104 (1988).

The question presented is who should receive service and notice of a petition for judicial review of an agency action pursuant to KAJR? Two statutes are at issue, K.S.A. 77-615 and K.S.A. 77-613(d).

K.S.A. 77-615 states:

"(a) A petitioner for judicial review shall serve a copy of the petition in the manner provided by subsection (d) of K.S.A. 77-613 and amendments thereto upon the agency head or on any other person or persons designated by the agency head to receive service.

"(b) The petitioner shall give notice of the petition for judicial review to all other parties in any adjudicative proceedings that led to the agency action."

K.S.A. 77-613(d) states:

"Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by delivering a copy of it to them or by mailing a copy of it to them at their last known addresses. Delivery of a copy of an order, pleading or other matter means handing it to the person being served or leaving it at that person's principal place of business or residence with a person of suitable age and discretion who works or resides therein. Service shall be presumed if the presiding officer, or a person directed to make service by the presiding

officer, makes a written certificate of service. Service by mail is complete upon mailing. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a order, pleading or other matter and it is served by mail, three days shall be added to the prescribed period."

The respondents argue these two statutes must be read together. Thus, they see the statutes as requiring that the petition be mailed to all *parties* and their attorneys. The trial court interpreted the statutes to require that the petition be served only on the agency head, with notice to other parties. The trial court also interpreted notice to the "parties" to allow notice only to the attorneys for the parties.

Party is defined in K.S.A. 77-602 as follows:

"(f) 'Party to agency proceedings,' or 'party' in context so indicating, means:
(1) A person to whom the agency action is specifically directed; or
(2) a person named as a party to any agency proceeding or allowed to intervene or participate as a party in the proceeding.
"(g) 'Party to judicial review or civil enforcement proceedings,' or 'party' in context so indicating, means:
(1) A person who files a petition for judicial review; or
(2) a person named as a party in a proceeding for judicial review or civil enforcement or allowed to participate as a party in the proceeding."

The tenets of statutory construction are well known. The court must presume the legislature understood and intended the consequences of the words it used. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245-46, 834 P.2d 368 (1992). The intent of the legislature controls a court's interpretation of a statute. When a statute is unambiguous, the court must do what the legislature intended. *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992). An act must be construed *in pari materia*. That is, the various parts of an act must be construed in harmony. *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992).

This court's research has revealed that the KAJR was apparently patterned after the Model State Administrative Procedure Act (1981). K.S.A. 77-613 followed § 5-108 of the uniform act. K.S.A. 77-615 followed § 5-110. The original provisions and official comments of § 5-110 are as follows:

"§ 5-110 [Petition for Review—Service and Notification]
"(a) A petitioner for judicial review shall serve a copy of the petition upon the agency in the manner provided by [statute] [the rules of civil procedure].

"(b) The petitioner shall use means provided by [statute] [the rules of civil procedure] to give notice of the petition for review to all other parties in any adjudicative proceedings that led to the agency action."

### Commissioners' Comment

"This section makes a distinction between *service* upon the agency and *notification* of all other parties to any agency adjudicative proceedings. See the definition of 'party to agency proceedings,' Section 1-101(6).

"Subsection (b), requiring notification of parties in any proceedings that led to the agency action, applies only if those proceedings were adjudicative, since that is the only type of agency proceeding under this Act in which persons may be 'parties.' By contrast, persons who offer input in rule making proceedings do not become 'parties.' " 15 U.L.A. 119.

The comments to § 5-110 would seem to emphasize that there is a difference between the requirement of *service* in our 77-615(a) and the requirement of *notice* in 77-615(b).

We turn to the specific wording added to 77-615 by the legislature in chapter 318 of the 1986 Session Laws:

"Sec. 8. K.S.A. 77-615 is hereby amended to read as follows:

77-615. (a) A petitioner for judicial review shall serve a copy of the petition ~~by first class mail or personal~~ ~~delivery~~ in *the manner provided by subsection (d) of K.S.A. 77-613 and amendments thereto* upon the agency head or any other person or persons designated by the agency head to receive notice.

(b) The ~~agency~~ *petitioner* shall give notice of the petition for judicial review to all other parties in any adjudicative proceedings that led to the agency action."

The amendments to 77-613(d) expanded the scope of what was to be *served*, but did not change the fact that some matters required only notice. See L. 1986, ch. 318, § 6. The amendments to 77-615 are most telling. K.S.A. 77-615(a) was modified by the addition of "in the manner provided by subsection (d) of K.S.A. 77-613 and amendments thereto." L. 1986, ch. 318 § 8. This subsection deals with service of the petition. K.S.A. 77-615(b), which deals with notice to the other parties, was not amended.

The trial court's interpretation would seem to be consistent with the intent of the statute. Counsel for the Fund and the insurance carrier are the natural representatives of the parties to receive notice of further proceedings absent very specific directions to the contrary. While 77-615(a) requires service on the agency head or designated service recipient, 77-615(b) requires

only notice. This is reasonably accomplished through notice to counsel of the parties, who we naturally presume will inform their clients.

As supplemental authority we point to 73A C.J.S., Public Administrative Law and Procedure § 211 and the cases cited therein concerning the sufficiency of notice in this context.

"In the absence of a prescribed method of delivery of the notice, any method by which the purpose of delivery can be accomplished is sufficient." 73A C.J.S., Public Administrative Law and Procedure § 211, p. 255 (citing *Dudukvich v. Housing Auth.*, 58 Ohio St. 2d 202, 389 N.E.2d 1113 [1979]).

We concur with the trial court's determination that the procedure followed here complied with the language and intent of the statutes involved. Notice was properly given and the court had jurisdiction to make the decision it did.

Affirmed.