OPINION
In February 1995, plaintiff-appellee, Jeffrey Schroer, the owner of outlot twenty-four, a city lot located in Oxford, Ohio, applied to defendant-appellant, the city of Oxford, for an administrative lot split.[1] The Oxford Planning Commission (the "Commission") denied the application. Appellee appealed the Commission's decision to the Butler County Court of Common Pleas under R.C. Chapter 2506 (Appeals from Orders of Administrative Offices and Agencies). The common pleas court found the appeal to be well-taken and remanded the case to the Commission with instructions to approve the application. It is from the decision and order of the common pleas court that appellant now appeals.
Appellant presents one assignment of error for review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT GRANTED AN ADMINISTRATIVE LOT SPLIT TO PLAINTIFF-APPELLEE DESPITE THE REJECTION OF THE LOT SPLIT BY THE PLANNING COMMISSION OF THE CITY OF OXFORD.
Under this assignment of error, appellant raises two issues. Appellant's first argument is, in essence, that the common pleas court employed an incorrect standard of review when it reversed appellant's decision. Specifically, appellant claims that the court did not reach its decision after considering the "entire record" as required by R.C. 2506.04, but, instead, based its decision solely on statements made by two Commission members during the hearing on the issue.[2] Appellant cites the following portion of the lower court's decision to support its assertion:
 Appellee's decision was arbitrary and capricious. Reviewing the transcripts of proceedings of the May 9, 1995 meeting, it is apparent that a majority of the Planning Commission * * * believed the lot's [sic] would technically conform to the criteria set out in Oxford City Ordinance 1136(a)(1). At least two of the member's [sic] based their vote on other criteria. Mr. Zimmerman stated, "Technically I concede he has the right [to a lot split], philosophically I disagree." Mr. Klosterman stated, "It * * * may meet the letter of the law, but I think our vision should go beyond the mere interpretation of the letter.
After reviewing the record, we do not agree with appellant that the common pleas court relied only on the above-mentioned comments of Zimmerman and Klosterman in reaching its decision. In its decision, the common pleas court articulated the criteria that must be considered in an application for a lot split as follows:
 The Planning Commission must grant the split if the Zoning Administrator and the Chairman of the Planning Commission mutually agree that one of two conditions is met.
 Either (1) the lot in question has never been split prior to March 16, 1995, and the requested split will result in two lots, each which satisfies the requirements for the issuance of a building permit applicable in the applicable zone or, (2) the split is the sale or exchange of lots between adjoining property owners, and the exchange does not create a new additional lot.
 If the Zoning Administrator and the Chairman of the Planning Commission are in disagreement or find the conditions are not met, "the Planning Commission, by majority vote, shall grant a lot split if they find either of the conditions * * * above to have been met * * *." Condition (1) is in question. Does the requested lot split create or result in two lots, each of which satisfies all dimensional requirements for the issuance of a building permit applicable in the applicable zone? If the answer is yes, then the lot split must be granted, if no, then the lot split could be denied. * * * (Emphasis added.)
The court then concluded that because appellant did not follow the dictates of the ordinance, i.e., it did not grant the lot split even though the proposed split satisfied all the dimensional requirements of the ordinance, the decision was "arbitrary, capricious, and not supported by the preponderance of substantial, reliable and probative evidence based on the record as a whole."
A court of common pleas serving as a reviewing court may overturn the decision of a city planning commission only upon finding that it was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable and probative evidence on the whole record." R.C.2506.04. The court may not, however, substitute its judgment for that of the agency. Dudukovich v. Lorain Metropolitan Housing Authority (1979), 58 Ohio St.2d 202, 207.
The function of this court when determining whether the common pleas court used the correct standard of review under R.C.2506.04 is limited to questions of law. Id. at 207; R.C. 2506.04. The court of appeals must affirm the common pleas court unless it finds that the lower court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. Id. at 208.
We find that the court of common pleas applied the correct standard of review and that its decision is supported by a preponderance of reliable, probative, and substantial evidence. When read in context, the statements of Zimmerman and Klosterman are clearly not the only basis for the common pleas court's opinion, but merely provide additional support for its conclusion that the technical requirements for a lot split were met.
In the second issue under the assignment of error, appellant argues that the common pleas court erred by concluding that a 1993 variance on outlot twenty-four still applied to the property in 1995. Appellant claims that if the variance, which served to relieve outlot twenty-four from the requirement of having a principal entrance on a dedicated street, had not applied to outlot twenty-four in 1995 when the lot split was requested, the lot split could not have been granted because the lot would not conform to Oxford's zoning requirements.
Under the Oxford ordinances, variances are to be granted "in individual cases as may be required to afford justice and avoid unreasonable hardship to property owners." Oxford Ordinance Section 1127.02. Appellant interprets the phrase "individual cases" to mean that each variance is project specific and must be reapplied for every time a new project is proposed. Appellant offers no legal authority to support this construction, nor do we find any. Accordingly, we find no basis for reversing the common pleas court on this issue.
Appellant's assignment of error is overruled and the decision of the common pleas court is affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Section 1136.01 of the Oxford Codified Ordinances defines a "lot split" as follows: "any subdivision of land into less than three lots, sites, tracts or parcels."
[2] R.C. 2506.04 states:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. (Emphasis added.)