JAROS, Appellant,

v.

CITY OF TOLEDO CIVIL SERVICE COMMISSION, Appellee.

[Cite as *Jaros v. Toledo Civ. Serv. Comm.* (1997), 120 Ohio App.3d 515.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–401.

Decided June 20, 1997.

James L. Rogers, for appellant.

Edward M. Yosses and Dawn R. Franks, for appellee.

Per Curiam.

This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas. In an administrative appeal, the trial court affirmed the Toledo Civil Service Commission's decision to issue a rejection against appellant, David Jaros, for failing to disclose as "employment," in his application as a firefighter, activity as an exotic dancer on several occasions for which he did not receive a salary or wage but only tips.

Appellant sets forth the following assignment of error:

"The trial court's decision affirming the Toledo Civil Service Commission's issuance of a 'rejection' against appellant David Jaros for failing to list alleged employment as a dancer is against the manifest weight of the evidence."

The trial court, when reviewing administrative orders under R.C. 2506.01, is not required to defer completely to agency findings as to the weight of the evidence, but on the other hand, it should not blatantly substitute its judgment for that of the administrative body. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117. This court's review is confined to a determination of whether the judgment is so contrary to the weight of the evidence as to be erroneous as a matter of law. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *Dudukovich.* In this case, the state of the evidence is such that this court concludes that the trial court erred.

Accordingly, appellant's single assignment of error is found well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further

proceedings not inconsistent with this decision. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., HANDWORK and KNEPPER, JJ., concur.