OPINION
Plaintiff-appellant Patricia Demirjian appeals from a judgment of the Montgomery County Common Pleas Court affirming a decision of the Kettering City Council that permitted Kettering Medical Center to modify an existing conditional use by expanding a surface parking lot. Demirjian contends that the trial court erred in affirming the modification.
We have reviewed the entire record and conclude that the trial court did not abuse its discretion in affirming the decision of the City Council, which was supported by a preponderance of reliable, probative and substantial evidence.
The judgment of the trial court is Affirmed.
 I
In March, 1998, Kettering Medical Center (KMC) applied to the City of Kettering Board of Zoning Appeals (BZA) for a modification of an existing conditional use. The application sought an expansion of a surface parking lot for the hospital. A public hearing regarding the application was held by the Kettering Planning Commission. Approval of the application was then recommended by the Commission. Thereafter, the BZA conducted a public hearing in regard to the application, and voted to approve the application for the modification.
Demirjian, a resident living in the neighborhood surrounding KMC, appealed to the Kettering City Council. The Council conducted a public hearing on the matter and voted to sustain the decision of the BZA. Demirjian then appealed to the Montgomery County Common Pleas Court, which affirmed the BZA's decision. Demirjian now appeals from the judgment of the Montgomery County Common Pleas Court.
 II
Demirjian's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE CITY OF KETTERING IN GRANTING THE MODIFICATION OF THE CONDITIONAL USE PERMIT REQUESTED TO ALLOW EXPANSION OF THE KETTERING MEDICAL CENTER PARKING LOT BECAUSE THE KETTERING CITY COUNCIL DID NOT FIND THAT, "THE PROPOSED USE WILL NOT HAVE A SIGNIFICANT NEGATIVE EFFECT ON, AND WILL NOT CONFLICT, WITH ADJACENT USES." RATHER, THE KETTERING CITY COUNCIL FOUND THAT, "THE PARKING EXPANSION WILL NOT CREATE AN ADVERSE IMPACT ON THE SURROUNDING RESIDENTIAL NEIGHBORHOOD."
Demirjian contends that the trial court erred in affirming the decision of the Kettering City Council because the Council did not comply with § 1175.12(E)(i) [sic] of the Codified Ordinances of the City of Kettering when it approved the expansion of the hospital parking lot. According to Demirjian, the Council merely made a finding that "the parking lot expansion will not create an adverse impact on the surrounding residential neighborhood." She argues that this finding does not comport with Kettering Ordinance § 1175.12(E)(i) [sic]. Kettering Ordinance § 1175.12(E)(1)(i) provides in pertinent part as follows:
 Approval of a development concept plan or of a final development plan shall be given if a conditional use satisfies all of the following:
 * * * The proposed use will not have a significant negative effect on, and will not conflict with, adjacent uses. * * *
Upon review of the record, we find this argument to be unfounded. The resolution of the Council approving the expansion specifically stated the Council's finding that the expansion would not have a significant negative effect on, and would not conflict with, any adjacent uses. The language used by the Council is identical to that set forth in the ordinance.
Demirjian's argument has no merit. Therefore, the Second Assignment of Error is overruled.
 III
Demirjian's First Assignment of Error states as follows:
 THE DECISION OF THE TRIAL COURT AFFIRMING THE DECISION OF THE KETTERING CITY COUNCIL THAT THE PROPOSED USE, NAMELY, THE EXPANSION OF THE PARKING LOT, WOULD NOT HAVE A SIGNIFICANT NEGATIVE EFFECT ON, AND WOULD NOT CONFLICT WITH, ADJACENT USES IS NOT SUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE ON THE WHOLE RECORD; THEREFORE, THE APPROVAL OF THE MODIFICATION OF THE CONDITIONAL USE PERMIT TO ALLOW THE EXPANSION OF THE PARKING LOT IN QUESTION IS ILLEGAL IN THAT IT VIOLATES SUBSECTION (E)(i) [SIC] OF SECTION 1175.12, CODIFIED ORDINANCES OF THE CITY OF KETTERING.
Demirjian contends that the trial court erred in affirming the decision of the Kettering City Council because its finding that the expansion would not have a significant effect on, or conflict with, adjacent uses is not supported by the record.
In analyzing this issue, we first discuss the appropriate standard of review. "A court of common pleas should not substitute its judgment for that of an administrative board, such as the [City Council], unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34. In determining whether the standard of review is correctly applied by the court of common pleas, the court of appeals has a limited function. Id., quoting, Dudukovich v.Lorain Metro. Housing Authority (1979), 58 Ohio St.2d 202, 207. The appellate court must affirm the court of common pleas unless it finds, "as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Id. Thus, we "review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id., at fn. 4. "Within the ambit of `question of law' for [our] review would be abuse of discretion by the common pleas court." Id. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137. With this standard in mind, we must examine the record to determine whether the trial court erred in affirming the decision of the Kettering City Council.
From our review of the record, we find that the evidence does support the determination that the expansion would not substantially affect, or conflict with, the adjacent uses. Specifically, the Kettering City Planner testified that he studied the proposed expansion and found that it would cause no conflict and would not have a negative impact on the area. There is evidence in the record indicating that the proposed lot is 400 feet from the nearest residence, and that the property is not adjacent to any of the residences. All of the property adjacent to the expansion site is owned by KMC and a local church.[1]
The evidence shows that the design plan provides for extensive screening to create a separation, both physical and visual, between the lot and the residential areas. Finally, the evidence supports a finding that the expansion will not cause a change in the existing traffic patterns and will not significantly alter the topographical features of the site.
The only evidence offered in opposition to the expansion was by a local resident who testified that he can already see the lights of the medical center from his residence. He did not state how the expansion would affect him. Otherwise, no evidence was presented to indicate that the expansion would have a negative effect on, or conflict with, the adjacent uses.
Given that the record is replete with evidence that the expansion will not substantially affect the surrounding area, and that no one presented any evidence to the contrary, we conclude that the trial court did not err in affirming the decision of the Kettering City Council. Accordingly, the First Assignment of Error is overruled.
 IV
For her Third Assignment of Error, Demirjian asserts:
 THE TRIAL COURT ERRED IN AFFIRMING THE DETERMINATION OF THE KETTERING CITY COUNCIL THAT THERE IS A BENEFICIAL RELATIONSHIP BETWEEN THE PROPOSED DEVELOPMENT, THE EXPANSION OF THE PARKING LOT, AND THE NEIGHBORHOOD IN WHICH IT IS TO BE ESTABLISHED, IS NOT SUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD AND IS ILLEGAL; THEREFORE, THE GRANTING OF THE MODIFICATION OF THE CONDITIONAL USE PERMIT TO ALLOW THE EXPANSION OF THE PARKING LOT BY THE KETTERING CITY COUNCIL IS IN VIOLATION OF SUBSECTION (E)(g) [SIC] OF SECTION 1175.12, CODIFIED ORDINANCES OF THE CITY OF KETTERING.
Demirjian contends that the proposed expansion violates § 1175.12(E)(g) [sic] of the Kettering City Ordinances, and that the trial court, therefore, erred in affirming the City Council.
Kettering City Ordinance § 1175.12(E)(1)(g), to which Demirjian evidently refers, provides that in order for a proposed conditional use to be approved, there must be a "beneficial relationship between the proposed development and the neighborhood in which it is to be established." There is evidence in the record to support the finding that such a beneficial relationship exists. Specifically, there is testimony in the record indicating that KMC lacks sufficient parking, which results in overflow parking on the grass and on the street, creating both a visual and safety problem. Although one area resident testified that he had never personally seen an overflow parking problem, he did not claim that he was able to observe the area at all times. Thus, his testimony does not necessarily contradict the evidence of overflow problems. The proposed expansion will eliminate overflow street and grass parking, thereby benefitting the surrounding neighborhood. Therefore, we find no abuse of discretion in the trial court's determination that there is reliable, probative and substantial evidence to support the City Council's finding that § 1175.12(E)(1)(g) of the Kettering City Ordinances was satisfied.
Demirjian's Third Assignment of Error is overruled.
 V
Demirjian's Fourth Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE KETTERING CITY COUNCIL THAT THE PROPOSED EXPANSION OF THE PARKING LOT HAS BEEN PLANNED AND DEVELOPED TO HARMONIZE WITH ANY EXISTING AND PROPOSED DEVELOPMENT IN THE AREA SURROUNDING THE PROJECT SITE IS NOT SUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD AND IS ILLEGAL; THEREFORE, THE DECISION OF THE KETTERING CITY COUNCIL APPROVING THE MODIFICATION OF THE CONDITIONAL USE PERMIT TO ALLOW EXPANSION OF THE PARKING LOT IS IN VIOLATION OF SUBSECTION (E)(e) [SIC] OF SECTION 1175.12, CODIFIED ORDINANCES OF THE CITY OF KETTERING.
Demirjian claims that the proposed expansion violates § 1175.12(E)(e) [sic] of the Kettering City Ordinances, which requires that the parking lot must be "planned and developed to harmonize with any existing or proposed development in the area surrounding the project site."
The trial court found that the evidence supports a finding that the proposed expansion would harmonize with the surrounding area. Specifically, there was evidence that the parking lot, which would only be expanded around the periphery of an existing lot, would be used to serve the parking needs of both the neighboring church and KMC. The evidence also indicated that the plans called for extensive plantings to minimize the impact on the surrounding area; i.e., the vegetation would help blend the parking lot and green space surrounding the lot, while hiding the lot, at least somewhat, from the view of the residential area.
From our review of the record we cannot say that the trial court abused its discretion in finding that there is evidence in the record to support a finding that the proposed expansion would harmonize with the surrounding area. Accordingly, Demirjian's Fourth Assignment of Error is overruled.
 VI
All of Demirjian's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
[1] The church did not object to the expansion.