OPINION
Appellant, Sally Gruber appeals the judgment of the Geauga County Court of Common Pleas, affirming the decision of appellee, Russell Township Board of Zoning Appeals ("BZA"), which denied appellant's request for an area variance.
Appellant is the owner of a 19.77 acre parcel of land located at 7700 Fairmount Road in Russell Township, Geauga County, Ohio. Appellant's property can be described as a double "flagged-shape" lot; it consists of two large adjoining lots on either side of a long, narrow strip of land. A nine hundred foot driveway, a right of way access facing Fairmount Road, leads to the first portion of appellant's property, which consists of over 14 acres and is where her residence and barn are situated. The second portion of her property, which consists of over five acres, is located approximately 650 feet from Fairmount Road and abuts the driveway for approximately 250 feet along the driveway's eastern boundary. The width of the driveway comprises sixty feet of frontage on Fairmount Road.
Appellant and her former husband, Thomas Gruber, purchased the property in 1975. At the time of the purchase, the parcel was a nonconforming lot of record in that it had only sixty feet of frontage on Fairmount Road, as opposed to the three hundred feet of frontage required by the Russell Township Zoning Resolution adopted in 1974. The Grubers' deed specifically notes that they took the property from the grantors subject to zoning regulations. In 1986, Thomas Gruber quit-claimed the property to appellant following their divorce.
On March 30, 1998, appellant filed an application with the Russell Township Zoning Inspector, seeking to divide the property into two parcels: one parcel consisting of the fourteen-acre portion of her property and another parcel consisting of the five-acre portion of her property. Appellant wished to divide her property in order to sell the five acres to her adult daughter so that her daughter could build a single-family home on the property. The application was denied because the lot split required that the sixty foot driveway be split into two thirty-foot-wide driveways to insure access to each proposed lot. The resulting thirty foot frontage on Fairmount Road did not comply with Section 5.2B of the Russell Township Zoning Resolution, which requires that lots have a minimum of three hundred feet of frontage upon a public road.
Appellant timely appealed the denial to the BZA and requested an area variance. On June 1, 1998, the BZA convened at a public hearing and considered appellant's request. At the hearing, appellant's counsel, Mr. Peterson, argued that appellant could not make beneficial use of the five-acre parcel without the variance because that portion of her property is merely open space that she uses to spread manure. Mr. Peterson further argued that although the variance was mathematically substantial, a 90% variance of the frontage requirement, the proposed home would not be visible from road, would not alter the character of the neighborhood, and would not affect the delivery of governmental services. Appellant testified that she was not aware of the zoning requirements when she purchased the property because it did not seem applicable at the time. The Chairman of the BZA moved to continue the hearing so that the BZA could research the matter. On June 22, 1998, the BZA reconvened and continued to address appellant's variance request. At the second hearing, Mr. Peterson discussed how the property was subdivided by previous owners and why it has its present configuration. He also discussed the prohibitive cost of making the driveway into a road to serve as access to the 5 acres, as suggested by the BZA.
On July 27, 1998, The BZA denied appellant's variance request determining that:
 "(a) The property in question can yield a reasonable return agriculturally, as in the past, as a horse farm.
 "(b) The variance request is substantial, 30 feet versus the required 300 feet of frontage a 90% factor.
 "(c) The essential character of the neighborhood would be substantially altered and adjoining properties would suffer substantial detriment by the creation of two adjacent driveways as access to two parcels in an R-5 zone. In essence, the variance request is for two (2) flag lots.
 "(d) The variance request might or might not affect the delivery of governmental safety forces in some weather conditions.
 "(e) Although the applicant claims no knowledge of the zoning restrictions at the time of the purchase, the deed states that the purchase is subject to zoning restrictions.
 "(f) The property owner's predicament can feasibly be altered by either adding an in-law suite to the existing dwelling, or building a road over the existing driveway to County specifications, creating access for three (3) lots.
 "(g) The spirit and intent of the zoning requirement would be observed and substantial justice done by not granting the variance due to the amount of the variance request (90%), the flag lots are not appropriate zoning solutions in lieu of a road built to County specifications."
 Appellant timely appealed the BZA's decision to the Geauga County Court of Common Pleas pursuant to R.C. Chapter 2506. The Geauga County Court of Common Pleas affirmed the BZA's denial, reasoning that appellant had not met her burden of proving the existence of practical difficulties. From this judgment, appellant assigns the following errors:
 "[1.] The Russell Township Board of Zoning Appeals decision in denying Gruber an area variance was not based on evidence that was reliable, prohibitive [sic] and substantial, and constituted an abuse of discretion.
 "[2.] The Geauga County Court of Common Pleas failed to make the applicable standard of review of the Russell Township Board of Zoning Appeals denial of Gruber's frontage variance."
 Because appellant's assignment of error are interrelated, we will address them together. Appellant alleges that the Geauga County Court of Common Pleas erred by affirming the BZA's decision to deny her application for an area variance. She contends that the BZA's decision was not supported by reliable, probative, and substantial evidence. She further contends that the trial court failed to apply the appropriate standard of review to determine whether the BZA abused its discretion by denying her variance request. R.C. Chapter 2506 governs the procedure for administrative appeals and provides at R.C. 2506.04 that:
 "The court [of common pleas] may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record. * * *"
 The standard of review applied by a court of common pleas is whether the BZA's decision is supported by a preponderance of reliable, probative, and substantial evidence. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. When reviewing a denial of an application for a variance by a board of zoning appeals, there is a presumption that the board's determination is valid, and the burden of demonstrating the invalidity of the board's decision rests on the contesting party. C. Miller Chevrolet, Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298, 313 N.E.2d 400, paragraph two of the syllabus. If a preponderance of reliable, probative, and substantial evidence exists to support the administrative decision, the court of common pleas must affirm. Dudukovich v. Lorain Metropolitan Housing Authority (1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. As an appellate court, "we must affirm the decision of the court of common pleas unless we conclude, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence." Rydbom v. Palmyra Twp. Bd. of Zoning Appeals (June 26, 1998), Portage App. No. 97-P-0086, unreported, citing Kisil.
An applicant seeking an area variance must demonstrate that "practical difficulties" would arise if the variance is not granted. Kisil, syllabus. In Duncan v. Middlefield (1986),23 Ohio St.3d 83, 491 N.E.2d 692, the Supreme Court of Ohio explained the "practical difficulties" standard and held that no single factor will control:
 "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining parties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Id.
at syllabus.
 In the exercise of its review responsibility we find that the trial court fully and adequately examined the evidence and in its narrative report correctly applied the proper standards for burden of proof and appellate review deference. That Decision and Judgment Entry is attached hereto and incorporated herein.
Appellant's assignments of error are overruled, and the judgment of the Geauga County Court of Common Pleas is affirmed.
 ___________________________________________________________ JUDGE JOHN J. MILLIGAN, Ret.,
Fifth Appellate District sitting by assignment
CHRISTLEY, P.J., O'NEILL, J. concur.