{¶ 28} I respectfully disagree with the opinion of the majority. R.C. 2506.04 governs the procedure for administrative appeals and provides: "[t]he court [of common pleas] may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 29} The appropriate standard of review to be applied by the court of common pleas is whether the Board's decision is supported by a preponderance of reliable, probative, and substantial evidence.[3]
Thus, the common pleas court is prohibited from substituting its own judgment for that of the administrative body.[4] As an appellate court, we are then limited to determining whether the common pleas court correctly applied that standard of review.[5]
 {¶ 30} After denying Soinski's initial application for a shooting range, the Board subsequently approved a conditional permit for a "game preserve; wildlife refuge and hunting club." The trial court ultimately concluded that the definition of a shooting range is similar to the conditional use permit granted by the Board. Thus, the magistrate concluded, "the BZA's decision on its face granted to Soinski a conditional use permit to operate a shooting range, with no special conditions or precautions attached to such use, regardless of the subjective intent of an individual BZA member."
 {¶ 31} The majority affirms the trial court's reason stating, "[i]n comparing the language of the game permit with the definition of shooting range, we agree with the magistrate that `the definition of a shooting range is very similar to the conditional use that the BZA approved.'"
 {¶ 32} The trial court placed great emphasis on the fact that no explicit conditions were placed on the game preserve permit and that the statutory definition of a shooting range could encompass the language used in the game permit issued. However, the trial court all but eschewed the administrative appeal process and did not make a determination as to whether the Board's decision was supported by reliable, probative, and substantial evidence. Rather, the trial court substituted its own interpretation of the permit language, effectively rendering the Board's ability to interpret its own permits null and void.
 {¶ 33} The majority of this panel goes further astray in affirming the trial court's determination. Instead of determining whether the trial court applied the appropriate standard of review, the majority affirms the trial court. This leads to the outrageous conclusion that, although it had previously and specifically denied a permit for a shooting range, the Board granted a permit which permits a shooting range for the firing of 50-caliber automatic firearms!
 {¶ 34} Accordingly, I must dissent.
[3] Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
[4] Dudukovich v. Housing Auth.(1979), 58 Ohio St.2d 202, 207.
[5] Rydbom v. Palmyra Twp. Bd. of Zoning Appeals (June 26, 1998), 11th Dist. No. 97-P-0086, 1998 Ohio App. LEXIS 2903, at *4.