[Cite as *Fulmer v. W. Licking Joint Fire Dist.*, 2014-Ohio-82.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID FULMER | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Appellee | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13-CA-36 |
| WEST LICKING JOINT FIRE DISTRICT | |
| | |
| Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 12 CV 01495

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 9, 2014

APPEARANCES:

For Appellant                                    For Appellee

DOUG HOLTHUS                          DAVID C. COMSTOCK, JR.
Poling Law                                  Comstock, Springer & Wilson Co., LPA
300 East broad Street, Suite 350      100 Federal Plaza East, Suite 926
Columbus, Ohio 43215                    Youngstown, Ohio 44503

*Hoffman, J.*

{¶1}   Appellant West Licking Joint Fire District ("the District") appeals the April 18, 2013 Order and Judgment Entry entered by the Licking County Court of Common Pleas, which vacated the decision of the West Licking Joint Fire District Board of Trustees ("the Board") terminating Appellee David Fulmer's position as fire chief.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellee served as fire chief for Miami Township, Ohio, from 2002, through 2009.  Appellee was hired by the District to serve as its fire chief on April 20, 2009.  As fire chief, Appellee was responsible for the day-to-day operations of the District, including managing the collective bargaining process, controlling the District's expenditures, supervising fire department staff, and ensuring the District's employees complied with policies and procedures.

{¶3}   Sometime after Appellee began his employment with the District, he requested Miami Township copy files from the Miami Township fire department so he could have those files for his future reference.  The files included documents which were relevant to his work at the District as well as to his associations with the International Association of Fire Chiefs, Ohio Fire Chief's Association, National Fire Prevention Association, and Ohio Regional Strike Team. Miami Township complied with Appellee's request, copying all of the documents from Appellee's Miami Township computer onto a single Microsoft PST file, which it provided to Appellee on an external hard drive and/or CD.

{¶4}   A problem occurred with the external hard drive which affected Appellee's laptop.  To alleviate the problem and to make the system more efficient, either

Steamline IT or Affiliated Resource Group, the District's IT providers, downloaded the PST file onto Appellee's desktop computer. Appellee knew the PST file was on his computer and occasionally searched it for documents relating to his professional associations or documents pertaining to policies he had implemented in Miami Township. Appellee did not seek permission from the Board to download this file onto his District computer. However, a policy requiring permission did not exist.

{¶5} On May 30, 2012, the Board suspended Appellee from his position. At a special meeting held on June 7, 2012, the Board appointed R.L. Emmons & Associates to conduct an investigation into Appellee's alleged misconduct in office. Richard Emmons served as lead investigator. Based upon his investigation, Emmons presented the Board with three administrative charges against Appellee: 1. Appellee misused public funds both by improperly purchasing fire service "challenge coins" which resulted in modifications to the firefighters' work schedules; 2. Appellee's demeanor, attitude, and conduct created unmanageable and harmful disharmony and mistrust within the District's fire service; and 3. Appellee engaged in misconduct and/or malfeasance and committed various violations of the District's computer, internet, email and online services policies.

{¶6} On October 19, and 20, 2012, the Board conducted an administrative evidentiary hearing relative to the charges levied against Appellee. The parties submitted post-hearing briefs. After consideration of the parties' post-hearing briefs, the Board conducted a special, open and public hearing for purposes of deliberating and determining Appellee's continued employment status. Although the Board voted not to subject Appellee to discipline based upon the first two administrative charges, the Board

determined Appellee should be disciplined on the third administrative charge, and immediately terminated his employment as fire chief. Appellee was advised of the Board's decision in writing on November 9, 2012.

{¶7} Appellee filed a timely Notice of Appeal of the Board's decision to the Licking County Court of Common Pleas. The parties briefed their respective positions. Via Judgment Entry filed April 18, 2013, the trial court found the District had failed to present substantial evidence Appellee violated the District's internet use policy. The trial court further found the District had neither articulated nor demonstrated how Appellee's possession of some personal information of his former employees on his computer constituted misfeasance or malfeasance. The trial court vacated the Board's decision terminating Appellee, stating the Board's finding with respect to administrative charge 3 was not supported by the preponderance of substantial, reliable and probative evidence on the whole record.

{¶8} It is from this judgment entry the District appeals, raising the following assignments of error:

{¶9} "I. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT FAILED TO PROPERLY FOLLOW AND ABIDE BY R.C. 733.35 AND APPLICABLE LAW WHEN ADMINISTRATIVELY TERMINATING APPELLEE.

{¶10} "II. THE TRIAL COURT ERRED, IN DETERMINING THAT APPELLANT HAD OFFERED NO SUBSTANTIVE, RELIABLE AND PROBATIVE EVIDENCE TO ESTABLISH ADMINISTRATIVE CHARGE NO. 3 OR THAT APPELLEE HAD VIOLATED APPELLANT'S COMPUTER AND INTERNET USE POLICIES, THEREBY SUPPORTING APPELLANT'S DECISION TO TERMINATE.

**{¶11}** "III. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEE'S IMPROPER POSSESSION AND USE OF CONFIDENTIAL AND PROTECTED THIRD-PARTY INFORMATION, ON APPELLANT'S COMPUTER, DID NOT CONSTITUTE MISFEASANCE OR MALFEASANCE, THEREBY SUPPORTING APPELLANT'S DECISION TO TERMINATE."

I, II, III

**{¶12}** R.C. 505.38 provides for the appointment and removal of fire chiefs and firefighters in townships and fire districts with a fire department.

**{¶13}** R.C. 2506.04 governs appeals from administrative agencies and states the following:

> The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶14} In *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St.3d 142, 2000–Ohio–493, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:

Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.* * *

The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is *"more limited* in scope." (Emphasis added.)* * *. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." * * * "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. [The appellate court is to determine only if the trial court has abused its discretion.] * * *The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an

administrative agency or a trial court absent the approved criteria for doing so." *Id.* at 147. (Citations omitted in original).

**{¶15}** Administrative charge 3, "Misconduct in office and/or misfeasance. Violation of West Licking Joint Fire District Use of Internet, E-mail and Online Services policy", upon which Appellee's termination was based, provides:

Chief Fulmer violated the above policy by downloading and/or otherwise importing to the District's computer system several documents from his previous employer. Specifically, Chief Fulmer imported to his District email and/or the District server several documents from the Miami Township Fire Department. Several of these documents contain sensitive information. (e.g. familiar information; Social Security numbers; medical information; etc.)

**{¶16}** Pursuant to its review under R.C. 2506.04, the trial court was required to weigh the evidence in the entire record and to assess the worth of all such evidence, to assess the credibility of the witnesses as well as the probative character of the evidence, and to determine the weight to be given to that evidence. *See Dudukovich v. Lorain Metro. Housing Auth.,* 58 Ohio St.2d 202, 206–07 (1979). Here, the trial court properly undertook this task. The trial court weighed all of the evidence in the record and determined the Board's decision was not supported by a preponderance of substantial, reliable, and probative evidence.

**{¶17}** The District's internet, email, and online services use policy, which Appellee signed upon his appointment, provides, "The downloading of information, documents and/or materials from the internet, e-mail, or other online services onto West

Licking Fire District's computers is strictly prohibited." The trial court found no evidence in the entire record to establish Appellee downloaded the information from the internet, email, or an online service; therefore, concluded Appellee did not violate the District's policy. Further, although Appellee had possession of some of his former employees' personal information on his computer, the trial court found the District provided no evidence to show such possession constituted misfeasance or malfeasance. Appellee had not requested any sensitive information from Miami Township, and was unaware such was included in the file he received. Appellee did not share or disseminate any sensitive information.

**{¶18}** Applying our limited review, we find, as a matter of law, the decision of the common pleas court did not abuse its discretion in vacating the decision to terminate Appellee's employment.

**{¶19}** The District's first, second, and third assignments of error are overruled.

**{¶20}** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur