Appellant Laura F. Ross appeals a judgment of the Board of Tax Appeals which dismissed her appeal from a notice of a final assessment because the Board found appellant had failed to file her notice of appeal properly with the tax commissioner. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE OHIO BOARD OF TAX APPEALS ERRED BY DISMISSING THE APPEALS OF APPELLANT, LAURA F. ROSS, IN CASE NOS. 97-J-743 AND 97-J-744 ON THE GROUNDS THAT APPELLANT FAILED TO TIMELY FILE HER NOTICE OF APPEAL WITH THE OHIO TAX COMMISSIONER AS REQUIRED BY OHIO REVISED CODE 5717.02.
 II. THE OHIO BOARD OF TAX APPEALS ERRED IN FAILING TO ADOPT A PRESUMPTION OF TIMELY FILING OF A NOTICE OF APPEAL UPON CIRCUMSTANTIAL PROOF OF TIMELY FILING.
 III. THE OHIO BOARD OF TAX APPEALS ERRED IN FAILING TO ADMIT THE AFFIDAVIT TESTIMONY OF THREE GOVERNMENT EMPLOYEES TESTIFYING ABOUT THE INTERNAL OPERATIONS OF THEIR RESPECTIVE OFFICES UNDER OHIO RULE OF EVIDENCE 802.
 IV. THE OHIO BOARD OF TAX APPEALS ERRED BY STRICTLY APPLYING THE OHIO RULES OF EVIDENCE IN AN EVIDENTIARY HEARING BEFORE THE BOARD TO EXCLUDE APPELLANT'S EVIDENCE WHEN SUCH RULES DO NOT APPLY IN PROCEEDINGS BEFORE THE BOARD AND WHEN THE APPLICATION OF SUCH RULES WAS DONE WITHOUT NOTICE IN AN ARBITRARY AND CAPRICIOUS MANNER.
The record indicates appellee, Roger W. Tracy, the Ohio Tax Commissioner made final assessments against appellant which total over $55,000. The final determinations
clearly demonstrates appellant mailed her written notices by ordinary mail to the incorrect address, and the notices apparently did not arrive to the proper address, because they were not in the Commissioner's files.
In Kent Provision Company v. Peck (1953), 159 Ohio St. 84, the Ohio Supreme Court found a decision of the Board of Tax Appeals which dismisses the appeal on the sole ground of failure to comply with a mandatory jurisdictional requirement of the statute is not unreasonable nor unlawful, Peck at 86. Our review of the record herein leads us to conclude that likewise here, the decision of the Board of Tax Appeals was proper.
The first assignment of error is overruled.
 II
In her second assignment of error, appellant asks us to adopt a rule of "presumption of timely filing of a notice of appeal" upon circumstantial proof of timely filing. In Dudukovich v.Loraine Metropolitan Housing Authority (1979), 58 Ohio St.2d 202, the Ohio Supreme Court reviewed a situation where the Housing Authority terminated one of its employees. The employee appealed this action, first to the board of directors and then to the court of common pleas. At issue was the procedure to appeal to the common pleas court. The appellant filed a notice of appeal with the court and sent a copy to the Housing Authority by certified mail. The court of common pleas dismissed the appeal, upon a representation the Housing Authority did not receive the notice within the prescribed time limits.
The Supreme Court reversed, finding Ohio uses a presumption of timely delivery where a document is properly mailed in sufficient time to effect delivery within the statutory time in the absence of a showing of late delivery, Dudakovich at 205.
For the foregoing reasons, the judgment of the Ohio Board of Tax Appeals is affirmed.
By Gwin, J., Wise, P.J., and Reader, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Board of Tax Appeals is affirmed. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. W. Don Reader, J., JUDGES.