I must respectfully disagree with the majority's disposition of this case. In my opinion, the trial court's affirmance of the decision of the Planning Commission to deny the appellant's request for an extension of the preliminary plat approval was supported by the evidence in the record, as well as by the relevant provision of the North Royalton Planning and Zoning Code.
A court of appeal's review of a judgment of a common pleas court on a zoning appeal taken pursuant to R.C. 2506.04 is limited to a review of "questions of law" and does not include the same extensive power to weigh the preponderance of substantial, reliable and probative evidence as is granted to the court of common pleas. Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34. Within the ambit of "questions of law" for appellate court review would be abuse of discretion by the common pleas court. Id.
The majority's decision in this case appears to be based entirely on its belief that it was not reasonable for the Planning Commission to conduct a hearing on the appellant's request for an extension after the date on which the preliminary approval had expired, despite the fact the application was filed approximately two weeks prior to such expiration date. This analysis completely disregards the scheduling realities which faced the planning commission in setting a date to have a hearing on the appellant's request. The Planning Commission heard the appellant's request at the earliest possible previously scheduledmeeting. The appellant had no legitimate expectation that its request for an extension would be ruled on prior to November 1, 1996, when it was not made until October 17, 1996. It was the appellant who allowed the preliminary approval to expire by waiting until a mere two weeks before the termination of the preliminary approval to file a request for an extension. The majority opinion essentially holds that it is impermissible as a matter of law for a municipality not to schedule an emergency public hearing for the purpose of ruling on any requests for administrative extension which may become untimely if they are not heard until the next regularly scheduled meeting.[1] In so ruling, the majority misperceives the scope of this court's review.
Section 1244.06 (f) of the North Royalton Planning and Zoning Code states in relevant part that "the Planning Commission may however, grant an extension of time such as it deems necessary * * * upon a showing in writing of undue hardship or practical difficulty on the part of the owner." (Emphasis added). The wording of this statute is clearly permissive; it does not impose mandatory duty upon the Planning Commission to grant an extension upon a showing of undue hardship or practical difficulty. Thus, even if the appellant had established that its inactivity was a direct result of undue hardship, there would have been no corresponding obligation on the part of the Planning Commission to grant its request.
The transcript of the hearing demonstrates that although the commission believed that the appellant's application was not timely filed, it nonetheless addressed the merits of the appellant's application. The appellant contended in the application that it was unable to commence work on the project because of vague "undue hardships." The commission members obviously believed that the reason for the delay was the appellant's lack of due diligence, not some unforeseeable circumstances. Despite repeated opportunities to do so, the appellant's representative was unable to give specific reasons to the Planning Commission as to why work had not commenced on this project prior to the expiration of the preliminary approval period. A number of Planning Commission members indicated that they would have supported the extension request, notwithstanding their belief that it was untimely filed, if the appellant had demonstrated any undue hardship or practical difficulty in commencing work on the project.
As the majority opinion properly recognizes, in reviewing zoning board decisions an appellate court's inquiry is limited to questions of law, and the weighing of evidence is not proper on appeal. Dudkovich v. Housing Authority (1979), 58 Ohio St.2d 202,206. The decision of the Planning Commission in denying the appellant's request for an extension was clearly reasonable given the permissive wording of section 1244.06 (f). The appellant was free to re-apply for another preliminary plat approval after the Planning Commission declined to extend the initial preliminary approval beyond the statutorily mandated one year period.
Because the trial court did not abuse its discretion in ruling that the decision of the Planning Commission was not unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence, I would affirm.
[1] "The majority opinion cites the case of Armstrong v. Manzo (1965), 380 U.S. 545, 85 S.Ct. 1187, for the proposition that "it is axiomatic that the Planning Commission had a duty to schedule such hearing at a meaningful time." In Armstrong, the Court held that the failure of a mother and her successor husband to notify the divorced father of a minor child of the pendency of proceedings to adopt daughter deprived the father of due process of law. The natural father in Armstrong received absolutely no notice of any kind of the pendency of legal proceedings which would totally divest him of any rights he might have as a parent and would bestow upon his ex-wife's husband all legal rights as father of the girl "as though naturally born to him in lawful wedlock." The facts of the present case hardly parallel those inArmstrong. It should be noted that the City of North Royalton Planning Commission is made up of citizens who generally are employed full-time in other pursuits. It is simply not feasible to expect that the Planning Commission members should be required to drop everything and hold an immediate hearing every time a citizen or property developer files a last minute request for an extension. The appellant in this case is an experienced developer whose principals were certainly aware of the scheduling circumstances of small municipal planning/zoning boards. The majority opinion wrongfully shifts the onus to assure that a request is timely heard from the property developer to the municipality.