JOURNAL ENTRY AND OPINION
 I. {¶ 1} This case came to be heard on the accelerated calendar pursuant to App.R. 11 and Loc.R. 11.1, the trial court record and briefs of counsel. The Cuyahoga Metropolitan Housing Authority ("CMHA") appeals the trial court's order of May 30, 2002, in which the trial court reversed the finding of the administrative order that removed Deborah Holman ("Holman") from the Section 8 housing program. The relevant facts follow.
 {¶ 2} Holman entered into a lease agreement with landlord Mildred McClain on July 1, 1997, through a Housing Assistance Payment ("HAP") contract between McClain and CMHA. CMHA administers the federally funded Section 8 housing program in Cuyahoga County and thereby subsidizes the lease payments of Section 8 renters. To be eligible for the Section 8 subsidy, one must meet and maintain various requirements, most of which are not relevant here. Two requirements that are relevant here are (1) the renter's income must be below a certain level and (2) the HAP contract is automatically terminated if the subsidized payment is zero for 180 days.
On September 17, 1999, CMHA notified Holman that she was being withdrawn from the Section 8 program because she was "over income" and because no HAP had been made for over 180 days. Holman requested and was granted a hearing, which was held on August 1, 2001. After the hearing, a CMHA Compliance Officer sent Holman a letter explaining that her withdrawal from the Section 8 program would stand. The letter also informed Holman that she could reapply at any time.
 {¶ 3} Holman brought an appeal before the Cuyahoga County Court of Common Pleas pursuant to R.C. Chapter 2506. Holman eventually requested a hearing pursuant to R.C. 2506.03, which was held May 22, 2002. During the hearing and before both sides had made presentations, the trial court asked if it could properly render a decision based on the exhibits (tax forms, CMHA documents, etc.). CMHA's counsel answered in the affirmative. The trial court then stated, "I agree that we should make a Decision based on the information we have, and I find that the Administrative Order was unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence." The court then ordered CMHA to reinstate Holman in the Section 8 program.
 {¶ 4} It is from this decision that CMHA brings this appeal.
 II. {¶ 5} Appeals from administrative decisions place different responsibilities on, and require different standards of review from, the court of common pleas and the court of appeals. As the Ohio Supreme Court explained:
 "A court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision. This court pointed out in Dudukovich v. Housing Authority (1979), 58 Ohio St.2d 202, 207 [12 O.O.3d 198], `[t]he key term is "`preponderance.'" The court went on further to explore the scope of review by the appellate courts and found, `[i]n determining whether the standard of review prescribed by R.C. 2506.04 was correctly applied by the Court of Common Pleas, both this court [the Supreme Court] and the Court of Appeals have a limited function.' Id. In an R.C. Chapter 2506 administrative appeal * * * to the common pleas court, the court, pursuant to R.C. 2506.04, may reverse the [administrative decision] if it finds that the * * * decision is not supported by a preponderance of reliable, probative and substantial evidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 6} Therefore, the question before this court is whether, as a matter of law, the decision of the trial court below was supported by a preponderance of reliable, probative and substantial evidence.
 III. {¶ 7} In determining whether the trial court correctly reversed CMHA's decision, we must decide whether there was a preponderance of reliable, probative and substantial evidence that CMHA unreasonably withdrew Holman from the Section 8 program because (1) Holman was "over income" and (2) the subsidized payment was zero for 180 days.
 {¶ 8} Holman received a letter on September 17, 1999 informing her that she was withdrawn from the Section 8 program effective December 31, 1997. CMHA concedes in its brief, however, and evidence in the record supports, that CMHA did make housing assistance payments during the six months leading up to December, 1997. Further, as Holman points out, she could not have been "over income" since CMHA continued to subsidize her lease payments through 1997. The Section 8 program requires participants to spend 30% of their income on rent. If a participant's rent exceeds 30% of his income, then CMHA will pay the difference. Here, CMHA made those payments through December 1997.
We therefore hold that the trial court's decision was supported by a preponderance of reliable, probative and substantial evidence. We note also that CMHA's argument that the trial court failed to hold a complete evidentiary hearing is not persuasive since CMHA itself told the trial court that the court could make its decision based on the exhibits presented. CMHA should have insisted on making a factual presentation if it deemed necessary to prevail.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).