JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, City of Cleveland, appeals the trial court's decision to reverse the decision of the Cleveland Board of Zoning Appeals regarding the removal of two payphones provided by North Coast Payphones, Inc. ("North Coast"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} North Coast provides payphones in various locations throughout Cleveland, in accordance with permits issued by the City of Cleveland ("the City"). On or about December 27, 2004, the City's Director of Public Safety notified North Coast that two of its payphones had been declared public nuisances. As a result, the City's Commissioner of Licenses and Assessments ("Commissioner") revoked their permits and ordered the payphones to be removed. North Coast appealed the Commissioner's decision to the City's Board of Zoning Appeals ("BZA"). On May 23, 2005, the BZA held a hearing on the matter and upheld the decision to revoke the payphone permits. On May 31, 2005, the BZA's findings were approved and adopted.
 {¶ 3} On June 28, 2005, North Coast filed an appeal in the common pleas court, pursuant to R.C. Chapter 2506. The trial court reversed the decision of the BZA to revoke the permits. In its May 17, 2006 judgment entry, the court stated: "The record on appeal, particularly the transcript, is not capable of being understood. The speakers do not complete their thoughts and the answers do not appear to respond meaningfully to the questions posed. This court cannot understand the bulk *Page 4 
of the proceedings as a result. Accordingly, the record does not support the administrative agency's decision [and] same is therefore arbitrary [and] capricious [and] unconstitutional and contrary to law. The decision is reversed." The City appeals this decision. It should be noted that this appeal is one of four cases on appeal that stem from the BZA hearings on May 23, 2005.[1]
 Standard of Review {¶ 4} The standard of review in administrative appeals is set forth in R.C. Chapter 2506: "The [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 5} In Henley v. Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147,2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court construed the above language and explained: *Page 5 
 {¶ 6} "We have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C.2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v. Granville Twp. Bd. of Trustees,81 Ohio St.3d 608, 612, 1998-Ohio-340, 693 N.E.2d 219, * * *, citing Dudukovich v.Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207,389 N.E.2d 1113, * * *."
 {¶ 7} The standard of review to be applied by a court of appeals "in an R.C. 2506.04 appeal is `more limited in scope.' Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34, 12 Ohio B. 26, 465 N.E.2d 848. `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' Id. at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' *Page 6 Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.
(1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264." Id. at 147.
 Review and Analysis {¶ 8} The City raises two assignments of error for our review.
 Assignment of Error I {¶ 9} "The trial court erred in overruling the unanimous decision of the Board of Zoning Appeals to sustain the City's order to the Appellee to remove from the right-of-way two of its outdoor pay telephones under Cleveland's pay telephone ordinance when there is reliable, probative, and substantial evidence that City officials were not arbitrary and capricious when they found that the pay telephones are nuisances and subject to removal under the pay telephone ordinance."
 {¶ 10} The lower court's ruling that the BZA's decision was arbitrary and capricious is based in part on the fact that the transcript was difficult to understand. In response, the City argues that, in order to review the BZA's decision, the lower court should have reviewed the entire transcript and not just the 12 pages that referred specifically to the two payphones at issue in this case. The lower court cannot supplement the record on its own; therefore, only the transcript in the case regarding the two payphones was before the lower court on appeal.
 {¶ 11} The City argues that two of North Coast's payphones, both located on Lee Road, violated City Ordinance 670B.07 because each was deemed a "public *Page 7 
nuisance" under the statute. City Ordinance 670B.07 sets forth the procedure the City follows in declaring a payphone a public nuisance and ordering its removal. Subsection (a) defines when an outdoor payphone constitutes a "public nuisance." Of the six possible reasons, only one of them was alleged to have been the reason North Coast's permits were revoked: the payphone had been used in "the commission of illegal drug transactions or criminal activity, or substantially contribute to said activities."
 {¶ 12} North Coast argued that, although illegal drug transactions or criminal activities may have taken place "at or near" sites of the payphones at issue, the payphones themselves were not necessarily used in the commission of these crimes. The transcript does not shed any light to support the City's allegations. The City argues that the police department received an inordinate number of calls from the payphones related to criminal activity. The City does not demonstrate how either payphone was used in the commission of a crime or contributed to criminal activity. Without details as to the nature of the calls themselves, details that were not provided by the City, it is difficult to understand how the BZA was able to find a nexus between the payphones and the crimes.
 {¶ 13} From the testimony given about the two payphones, it is unclear what law the BZA applied in affirming the decision of the Commissioner. For example, there is ample testimony that one of the payphones in the photographs admitted into evidence did not even belong to North Coast. There was discussion regarding *Page 8 
document production and relevant dates when this occurred. Neither of these issues is relevant to the issue before the BZA. In the course of the hearing, there is little testimony regarding how the subject payphones qualified as public nuisances under the ordinance except significant repetition of the number of service calls made from each phone over the period of a year.
 {¶ 14} Furthermore, it is clear from the City's argument that it is relying on the other payphone appeals heard that day to supplement the transcript in this case or to put the testimony in context.[2] In short, we believe the process employed by the BZA shows that it merely "rubber stamped" the decision of the Commissioner because the BZA's decisions earlier in the day are consistent with the one in this case. In fact, it actually demonstrates the BZA's lack of independent consideration regarding these two payphones.
 {¶ 15} The lower court reached its decision based on the record before it, and we do not find that the lower court abused its discretion by reversing the BZA's decision as arbitrary, capricious and contrary to law.
 Assignment of Error II {¶ 16} "The trial erred in finding the decision of the Board of Zoning Appeals unconstitutional where, in accordance with due process of law under the 14th *Page 9 
Amendment to the U.S. Constitution, the City took all reasonable steps to ensure fairness in the process; the Appellee was liberally granted leave to prepare its case; the City produced in excess of 1,000 pages of documents; and the Appellee appeared with legal counsel before the Board and was given every reasonable opportunity to present its case in a public hearing."
 {¶ 17} The City argues that the trial court should have considered the transcripts from the three previous hearings held on May 23, 2005 in reaching its decision. The City asserts it is significant in this appeal that the BZA heard this case after three similar hearings at which foundational evidence and testimony were presented for the hearings that followed. After review of the record before us, we do not find any merit in the City's argument.
 {¶ 18} The 12-page transcript from the hearing dealing with these two payphones has obvious gaps because it must be assumed that those present at the hearing had information before them from the preceding hearings. Unfortunately for the City, it did not create a record below to demonstrate that the lower court erred. We review the same record on which the lower court relied, and it appears that the record does not support the BZA's decision. We do not find that the lower court abused its discretion in reversing the BZA's decision; therefore, we overrule the City's second assignment of error.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 10 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR.
[1] The other cases on appeal are Case Nos. 88090, 88190, and 88244.
[2] Four separate hearings were held on the same day, dealing with 13 payphones in Case No. 88190, 19 in Case No. 88244, 55 in Case No. 88090, and two in the within appeal, Case No. 88324. *Page 1