JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, North Coast Payphones, Inc. ("North Coast"), appeals the trial court's decision to affirm the decision of the Cleveland Board of Zoning Appeals regarding the removal of North Coast's payphones. After a thorough review of the record, and for the reasons set forth below, we affirm in part and reverse in part.
 {¶ 2} North Coast provides payphones in various locations throughout Cleveland, in accordance with permits issued by appellee, City of Cleveland ("the City"). On or about December 27, 2004, the City's Director of Public Safety notified North Coast that 13 of its payphones had been declared public nuisances. As a result, the City's Commissioner of Licenses and Assessments ("Commissioner") revoked their permits and ordered the payphones to be removed. North Coast appealed the Commissioner's decision to the City's Board of Zoning Appeals ("BZA"). On May 23, 2005, the BZA held a hearing on the matter and upheld the decision to revoke the payphone permits. On May 31, 2005, the BZA's findings were approved and adopted.
 {¶ 3} On June 28, 2005, North Coast filed an appeal in the common pleas court, pursuant to R.C. Chapter 2506. The trial court affirmed the decision of the BZA to revoke the permits. North Coast appeals this decision. It should be noted that this appeal is one of four cases on appeal that stem from the BZA hearing on May 23, 2005.[1]
 Standard of Review *Page 4 {¶ 4} The standard of review in administrative appeals is set forth in R.C. Chapter 2506: "The [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 5} In Henley v. Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147,2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court construed the above language and explained:
 {¶ 6} "We have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C.2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v. Granville Twp. Bd. of Trustees,81 Ohio St.3d 608, 612, 1998-Ohio-340, 693 N.E.2d 219, * * *, citing Dudukovich v.Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207,389 N.E.2d 1113, * * *." *Page 5 
 {¶ 7} The standard of review to be applied by the court of appeals "in an R.C. 2506.04 appeal is `more limited in scope.' Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34, 12 Ohio B. 26, 465 N.E.2d 848. This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' Id. at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' Lorain City School Dist Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264." Id. at 147.
 Review and Analysis {¶ 8} North Coast raises four assignments of error in this appeal. For purposes of clarity, we will discuss them out of order.
 {¶ 9} "I. The lower court erred in considering all of the documents submitted by the City of Cleveland Board of Zoning Appeals."
 {¶ 10} In its first assignment of error, North Coast argues that the lower court erred when it relied on evidence outside the record in affirming the BZA's decision. R.C. 2506.02 provides that the BZA is required to file "a complete transcript of all the *Page 6 
original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from."
 {¶ 11} Although North Coast had copies of the exact documents it complains were relied on by the lower court on appeal, it would be error for the lower court to rely on evidence or documents not in the record. The City appropriately acknowledges that the rules of evidence do not apply with the same formality in an administrative appeal; however, the City's argument is not well taken. Since the BZA is not a court of law, it is not required to follow the rules of evidence, including the admissibility of evidence and hearsay testimony, as well as rulings on objections. The fact that the BZA may be composed of a body of lay people must be taken into consideration. However, appeals from the BZA to the common pleas court warrant adherence to the appellate process and, in this case, to R.C. Chapter 2506.
 {¶ 12} R.C. 2506.03(A) states that "the hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02[2] of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies: *Page 7 
 {¶ 13} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.
 {¶ 14} "(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following: (a) Present the appellant's position, arguments, and contentions; (b) Offer and examine witnesses and present evidence in support; (c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions; (d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions; (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 {¶ 15} "(3) The testimony adduced was not given under oath.
 {¶ 16} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.
 {¶ 17} "(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision."
 {¶ 18} Neither North Coast nor the City suggests that any one of the deficiencies listed in R.C. 2506.03(A) makes the transcript incomplete. It is also unclear from the lower court's judgment entry what evidence it relied on in reaching its decision. We cannot say with certainty that the lower court erred since it may *Page 8 
have reached its decision solely on the basis of the transcript and the four exhibits it contained. Therefore, we overrule North Coast's first assignment of error.
 {¶ 19} "III. The lower court abused its discretion in finding that the City of Cleveland Board of Zoning Appeals did not deny appellant due process."
 {¶ 20} In its third assignment of error, North Coast states it was denied due process at the BZA hearing because of the three-minute time limit imposed by the chairperson. Specifically, North Coast argues that the BZA's time limit denied North Coast a chance to present its case.
 {¶ 21} The chairperson of the BZA allowed each speaker to have the floor for three minutes at a time. North Coast would have this court believe that it was limited to three minutes per witness, but this is not true. The chairperson did not limit any one witness to a total of three minutes. North Coast's counsel and witnesses were each permitted the time they needed to give evidence and cross-examine witnesses. Nowhere in North Coast's brief does it point to an occasion at the hearing when its counsel was not able to speak on the record. The relatively arbitrary time limit was imposed to keep the hearing progressing forward and to prevent anyone from dominating the proceedings. The lower court did not abuse its discretion by affirming the BZA on these grounds; therefore, we overrule North Coast's third assignment of error.
 {¶ 22} "IV. The lower court erred in not finding that the City of Cleveland Board of Zoning Appeals acted with bias." *Page 9 
 {¶ 23} North Coast argues that the lower court abused its discretion by not finding bias in the BZA process. Specifically, North Coast argues that a municipal system is biased where one city board judges another city department's decision. North Coast also argues that the comments by board members demonstrate that they wanted all the payphones removed from the City, regardless of the legality of the process.
 {¶ 24} North Coast would have this court believe that when one municipal board oversees the actions of another city department, there is inherent bias. We cannot agree. The codified ordinances of the City set forth the guidelines that must be followed in challenging a decision by a city official. The Ohio Revised Code provides a process which permits this appeal. North Coast does not cite to any law to support its position, and we find that the appeal process in place exists to ensure against bias by a city board.
 {¶ 25} Next, although it was perhaps inappropriate for the chairperson of the BZA to comment about the City's goal of removing all payphones, we do not feel the single comment rises to the level of bias. The lower court did not abuse its discretion by affirming the BZA on these grounds; therefore, we overrule North Coast's fourth assignment of error.
 {¶ 26} "II. The lower court abused its discretion in affirming the decision of the City of Cleveland Board of Zoning Appeals that the City of Cleveland acted properly in ordering appellant to remove thirteen (13) of its installed pay telephones." *Page 10 
 {¶ 27} North Coast argues that the City failed to show a nexus between the actual use of the payphones and their proscribed use under City Ordinance 670B.07. It specifically argues that the lower court's decision to affirm the BZA's ruling was contrary to law.
 {¶ 28} City Ordinance 670B.07 is titled "Public Nuisance; Removal of Outdoor Pay Telephones." It sets forth the procedure the City follows in declaring a payphone a public nuisance and ordering its removal. In subsection (a), the statute defines when an outdoor payphone constitutes a "public nuisance." Of the six possible reasons, only two of them were alleged to have been the reason North Coast's permits were revoked: (1) the payphone had been used in "the commission of illegal drug transactions or criminal activity, or substantially contribute to said activities," and/or (2) the payphone had been used to "abuse the 911 system."
 {¶ 29} Appellant argues that although illegal drug transactions or criminal activity may have taken place "at or near" sites of the payphones at issue, the payphones themselves were not necessarily used in the commission of these crimes. The City confirms this fact in its brief, and states that police received an inordinate number of calls from the payphones at issue to report criminal activity, crowd disturbances, public intoxication, and drug transactions. The City does not demonstrate how each payphone at issue was used in the commission of a crime or to create crowd disturbances. Without details as to the nature of the calls themselves, details which were not provided by the City, it is difficult to understand how the BZA was able to find a nexus between the payphones and the crimes. *Page 11 
 {¶ 30} Appellant also argues that the BZA is unable to determine if the 911 system was abused since its method of determining the validity of a 911 call is for the operator to call back to verify the emergency. The City requires North Coast to block incoming calls to payphones; therefore, an operator would never be able to exercise the callback feature to verify a 911 call.
 {¶ 31} It is unclear from the transcript if the BZA reviewed each and every payphone at issue. Certainly, the BZA considered some of the payphones, but in the short amount of time allotted for the administrative hearing, it would have been impossible for the BZA to address all payphones under review on the day of the hearing — including the 13 payphones in this case, 19 in Case No. 88244, 55 in Case No. 88090, and two in Case No. 88324.
 {¶ 32} In short, we believe the process employed by the BZA does not show that it considered the evidence presented on both sides of the issue, but merely "rubber stamped" the Commissioner's decision. The scant transcript of the BZA hearing seems to indicate this is true. The trial court erred in not finding the BZA's process arbitrary. Therefore we sustain North Coast's second assignment of error and reverse the trial court's judgment. We further remand this cause to the BZA with instructions to hold a full evidentiary hearing.
 {¶ 33} This cause is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 It is ordered that appellant and appellee share the costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
MELODY J. STEWART, J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
[1] The other cases on appeal are Case Nos. 88090, 88244, and 88324.
[2]"Within forty days after filing a notice of appeal in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the officer or body from which the appeal is taken, upon the filing of a praecipe by the appellant, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision." *Page 1