The STATE ex rel. PERKINS, Appellant,

v.

CITY OF CINCINNATI, Appellee, et al.

Perkins, Appellant,

v.

City of Cincinnati Board of Trustees of the Cincinnati
Retirement System, Appellee.

[Cite as *State ex rel. Perkins v. Cincinnati*, 191 Ohio App.3d 391, 2010-Ohio-6287.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090679.

Decided Dec. 22, 2010.

Manley Burke, L.P.A., Ely M.T. Ryder, and Timothy M. Burke, for appellant.

John P. Curp, Cincinnati City Solicitor, and Julie F. Bissinger, Assistant City Solicitor, for appellees.

Per Curiam.

{¶ 1} In this appeal from two cases consolidated in the trial court, appellant Joseph Michael Perkins contests the trial court's entry affirming decisions of the

appellees, the city of Cincinnati and its public employee retirement system ("the CRS"), that denied Perkins the opportunity to participate in the CRS's Early Retirement Incentive Plan ("the ERIP"). Because the trial court erred as a matter of law in affirming the CRS's decision to deny Perkins service credit transferred from the state retirement system that would have ensured his eligibility for the ERIP, we reverse the trial court's judgment in Perkins's administrative appeal. But we affirm the trial court's dismissal of Perkins's mandamus action because he had an adequate remedy at law available in the administrative appeal.

## I. Perkins and the ERIP

{¶ 2} In 2007, the city offered an incentive for the early retirement of qualified current employees. The ERIP offered two additional years of service credit to city employees with at least 28 years of service credit on December 31, 2007. Perkins had been employed as an inspector with the city's buildings department since March 1980. By the end of 2007, Perkins had accrued 27 years and ten months of CRS service credit. But Perkins had also worked as a seasonal municipal-service aide for the city's recreation department as a part-time student employee from July 9, 1972, until September 4, 1972. Perkins had not earned CRS service credit for that period of employment.

{¶ 3} Seeking service credit for his 1972 summer employment, Perkins submitted an application to participate in the ERIP. His application was denied by the staff of the CRS. In November 2007, the CRS finance manager explained to Perkins that for his 1972 service to be eligible for credit towards the ERIP, "the service would had to have been eligible at the time of employment." Under Ordinance No. 386–1952, the CRS did not extend service credit for temporary work like Perkins's 1972 summer employment with the recreation department.

{¶ 4} On December 26, 2007, Perkins filed a motion for a temporary restraining order to keep the ERIP open until his administrative appeal had been resolved. At the same time, Perkins sought credit for his 1972 summer employment from the Ohio Public Employees Retirement System ("OPERS"). In a decision dated January 28, 2008, OPERS determined that Perkins was entitled to .25 of a year of service credit under its system for the 1972 summer employment. Perkins then sought to transfer that service credit from OPERS to CRS under their transfer-of-service credit agreement. If he had been successful, Perkins would have had sufficient service credit to participate in the ERIP.

{¶ 5} On January 31, 2008, the CRS Benefits Committee conducted a hearing. Perkins was represented by counsel at the hearing. The committee compiled findings of fact and conclusions of law and forwarded its results to the CRS

Board. The board adopted the committee's findings and conclusions and denied Perkins the opportunity to participate in the ERIP.

{¶ 6} Perkins appealed the administrative decision of the CRS board to the court of common pleas. He also filed an amended verified complaint seeking a writ of mandamus and other injunctive relief. Under Civ.R. 42(A)(1), the trial court consolidated the two cases. In a single entry, the trial court ultimately entered judgment for the city in both cases. These appeals followed.

## II. Perkins's Appeal of the CRS Decision Denying Service Credit

{¶ 7} In his first assignment of error, Perkins asserts that the trial court erred in affirming CRS's decision denying his right to participate in the ERIP. He claims that the trial court erroneously affirmed the CRS's legal conclusion that the .25 year of service credit allowed by OPERS for his 1972 summer employment could not be transferred to his CRS service credit.

{¶ 8} The CRS board had adopted the recommendation of the CRS Benefits Committee to deny Perkins's participation in the ERIP. The board agreed that Perkins's time as a municipal service aide was not eligible for CRS credit because (1) he had not been an employee eligible for CRS credit, as defined by Ordinance No. 386–1952, (2) he had not purchased the ineligible service credit when permitted by ordinance in 1997, and (3) a transfer of credit from OPERS to CRS for the 1972 employment was not permitted under the law governing the CRS. The trial court found sufficient, reliable, and probative evidence to support the boards' findings of fact and conclusions of law, and it affirmed the board's decision.

{¶ 9} As this court noted in *Cincinnati Bengals, Inc. v. Papania,* "pursuant to R.C. 2506.04 the court of common pleas may determine whether the board's decision is, *inter alia,* 'illegal,' *i.e.,* contrary to law."[1] "Subsequent appeals to this court are limited to questions of law."[2] In this case, we must, therefore, affirm the judgment of the trial court unless we conclude that the trial court's judgment is contrary to law.[3]

{¶ 10} Pursuant to Cincinnati Municipal Code 203–8, the city entered into a transfer-of-service credit agreement with OPERS. Under the transfer agreement, service credit can be transferred between CRS and OPERS. Section III

---

1. (1993), 92 Ohio App.3d 785, 787, 637 N.E.2d 330, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

2. See id.

3. See id.; see also R.C. 2506.04; *Zupp v. Mun. Civ. Serv. Comm.,* 187 Ohio App.3d 614, 2010-Ohio-2614, 933 N.E.2d 281.

of the transfer agreement provides that once an eligible CRS member files the appropriate paperwork with the CRS, "the Accepting System [CRS] shall provide written notice to the Transferring System [OPERS], and Eligible Service Credit *shall be transferred*" by the means described in the remainder of the section.[4] "Eligible Service Credit" is defined as "[s]ervice credit earned under the Transferring System."

{¶ 11} The transfer agreement also states, in Section IV, that "[t]he Accepting System [CRS] shall grant service credit to the Eligible Member for a specific period of time of Eligible Service Credit to be transferred from the Transferring System [OPERS] as allowed by the Accepting System's applicable service credit law * * *."

{¶ 12} The city, however, contends that as the accepting system, its applicable service-credit law—Ordinance No. 386–1952—prevented it from crediting Perkins for his 1972 summer employment. The ordinance excluded retirement service credit, *under CRS,* for temporary employment.

{¶ 13} But the gravamen of Perkins's argument is not that the CRS had failed to award him CRS credit. He argues that the CRS failed to honor the transfer of .25 of a year of service credit awarded by OPERS in its January 28, 2008 decision.

 {¶ 14} We hold that the city's reliance upon Ordinance No. 386–1952 in this case is misplaced. The CRS should have looked to the text of the transfer agreement and to Cincinnati Municipal Code 203–1–C2 for the "applicable service-credit law" governing whether the CRS was required to transfer Perkins's OPERS service credit. The agreement provides that service credit earned under OPERS is eligible service credit that "shall be transferred." And Cincinnati Municipal Code 203–1–C2 defines "creditable service" for retirement purposes to be "the sum of a member's * * * membership service [and] State Retirement System Credit purchased under [Cincinnati Municipal Code] 203–8." Thus, if Perkins was otherwise eligible, CRS's applicable service-credit law required it to transfer to Perkins service credit for the .25 of a year of eligible service under OPERS.

{¶ 15} Therefore, we hold that the trial court erred as a matter of law in affirming the CRS board's conclusion that Perkins was not entitled to credit for the .25 of a year of service credit granted by OPERS.

{¶ 16} We note that during pretrial preparations, the city and Perkins entered into a written stipulation that was filed on December 31, 2007, in the original papers of the mandamus action. The stipulation stated that if Perkins was

---

4. Emphasis added.

ultimately successful in obtaining his requested additional service credit, he would be entitled to participate in the ERIP. On appeal, Perkins argues that the stipulation bound the city to concede his right to participate in the ERIP because OPERS ultimately awarded service credit for his 1972 employment. We disagree. It is unlikely that the city's experienced trial counsel would have, by stipulation, discredited the city's entire theory of the case—that OPERS could not mandate what type of employment merited service credit under the CRS. We construe the stipulation only as a binding admission by the city that if Perkins were to prevail in his administrative appeal, in the case numbered A–0804354, he would necessarily prevail in his pursuit of extraordinary and injunctive relief.

{¶ 17} The first assignment of error is sustained.

### III. CRS Board Hearing

{¶ 18} In Perkins's second assignment of error, he argues that the trial court erred in failing to compile its own findings of fact and conclusions of law, when the CRS board had denied his counsel the opportunity to argue in violation of R.C. 2506.03(A)(2)(a). In light of our resolution of his first assignment of error, we hold that Perkins cannot demonstrate any prejudice flowing from this alleged error. The assignment of error is overruled.

### IV. Perkins Had an Adequate Remedy at Law

{¶ 19} In his third assignment of error, Perkins argues that for the same reasons detailed in his first assignment of error, the trial court erred in dismissing his amended verified complaint seeking a writ of mandamus and other injunctive relief. We overrule this assignment of error and affirm the trial court's judgment, in the case numbered A–0711761, albeit on grounds completely different from those advanced by the trial court.

{¶ 20} Our resolution of the first assignment of error—that the trial court erred in failing to grant judgment in Perkins's favor in his administrative appeal—has established that Perkins had an adequate remedy at law. " 'An administrative appeal generally provides an adequate remedy in the ordinary course of law that precludes extraordinary relief in mandamus.' "[5] Mandamus cannot issue when the relator has an adequate remedy at law.[6] Thus, the third assignment of error is overruled.

---

**5.** *State ex rel. Voleck v. Powhatan Point,* 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 7, quoting *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati,* 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 23; see also *State ex rel. Stockelman v. Cincinnati Civ. Serv. Comm.* (Feb. 23, 2001), 1st Dist. No. C–000252, 2001 WL 175529; *Dore v. Miller,* 9th Dist. No. 03CA008416, 2004-Ohio-4870, 2004 WL 2050295.

**6.** See *State ex rel. Voleck v. Powhatan Point* at ¶ 7.

### V. Conclusion

{¶ 21} Having sustained the first assignment of error, we reverse that part of the trial court's judgment upholding the CRS board's decision in the administrative appeal. That case is remanded to the trial court for further proceedings under Cincinnati Municipal Code 203–8 consistent with law and with this decision.

{¶ 22} But having overruled Perkins's third assignment of error, we affirm the trial court's judgment to the extent that it denied relief in the mandamus action.

Judgment accordingly.

CUNNINGHAM, P.J., and HILDEBRANDT and MALLORY, JJ., concur.