CITY OF ALLIANCE, Appellee,

v.

LEXINGTON TOWNSHIP BOARD OF TRUSTEES, Appellant.

[Cite as *Alliance v. Lexington Twp. Bd. of Trustees,*
185 Ohio App.3d 256, 2009-Ohio-6792.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2009–CA–00193.

Decided Dec. 21, 2009.

Andrew L. Zumbar, Allicance Law Director, and Robert R. Hunter Jr., Assistant Law Director, for appellee.

Kenneth J. Cardinal, for appellant.

--------

GWIN, Judge.

{¶ 1} Appellant, the Lexington Township Board of Trustees, appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which remanded the instant case to the Stark County Board of Commissioners with instructions to enter an order approving the annexation of 51.279 acres in Lexington Township to appellee, the city of Alliance. Lexington Township assigns two errors to the trial court:

{¶ 2} "I. The trial court erred to the prejudice of the appellant by incorrectly applying the correct standard of review in the O.R.C. 2506 appeal of an annexation.

{¶ 3} "II. The trial court erred as a matter of law when it ordered the administrative agency to approve an annexation when the appellee never assigned as error from an administrative appeal the findings of facts contained in the resolution and, therefore, the court improperly substituted its judgment for that of the administrative agency to the prejudice of appellant."

{¶ 4} The record indicates that the matter came before us on an earlier occasion, in *Alliance v. Lexington Twp. Bd. of Trustees* (Feb. 9, 2009), Stark App. No. 2008CA00024. In the prior case, one of the issues presented was whether a property owner had followed applicable statutory procedures to withdraw her signature from an annexation petition. This court found that the Common Pleas Court had erred in finding that the property owner's signature had been withdrawn. We also found that the Common Pleas Court had erred in concluding that because the signature had been withdrawn, the general-good requirement could not be satisfied. We remanded the matter to the Court of Common Pleas.

{¶ 5} On remand from this court, the Common Pleas Court remanded the matter to the Stark County Board of Commissioners with instructions to enter an order approving the annexation on their journal.

### I & II

{¶ 6} Both of appellant's assignments of error deal with essentially the same issue, that is, whether the Common Pleas Court erred in directing the board of commissioners to approve the annexation.

{¶ 7} In *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 735 N.E.2d 433, the Ohio Supreme Court explained that a common pleas court determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance

of substantial, reliable, and probative evidence. Id. at 147, 735 N.E.2d 433, citing *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, and *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206–207, 12 O.O.3d 198, 389 N.E.2d 1113. The standard of review to be applied by the court of appeals is to review the judgment of the common pleas court only on questions of law, which does not include the power to weigh the preponderance of substantial, reliable, and probative evidence. *Henley* at 147, 735 N.E.2d 433.

{¶ 8} The resolution before the board of commissioners stated:

{¶ 9} "NOW, THEREFORE BE IT RESOLVED that this Board of County Commissioners hereby makes the following findings of fact:

{¶ 10} "(1) the petition meets all the requirements set for, in, and was filed in the matter provided in O.R.C. 709.02. The legal notice was published and procedures proven as required by O.R.C. Section 709.03.

{¶ 11} "(2) The persons who signed the petition are owners of real estate within the territory proposed to be annexed and, at the time of filing, the number of signatures on the petition constitute [sic] the majority of the owners of the land within said territory as required O.R.C. 709.033(A)(2).

{¶ 12} "(3) The municipality has complied with O.R.C. 709.03(D), the requirement to adopt by ordinance or resolution a statement indicating what services it will provide to said territory.

{¶ 13} "(4) The territory is not unreasonably large. O.R.C. 709.033(A)(4).

{¶ 14} "(5) On balance, the general good of the territory to be annexed will be served, and the benefits to the territory and the surrounding area will outweigh the detriments to the annexation area and surrounding area.

{¶ 15} "(6) No street or highway will be divided or segmented by the boundary line between the township and the municipality as to create a road maintenance problem or if a street or highway will be so divided or segmented, the municipality has agreed, as a condition of the annexation, that it will assume the maintenance of that street. O.R.C. 709.033(A)(6)."

{¶ 16} One commissioner voted yes, one commissioner voted no, and the third abstained. In its first review, the Common Pleas Court found that the commissioners had determined that Beatrice Hoopes, one of the persons who signed the annexation petition, had withdrawn her signature. The court affirmed the commissioners' denial of the petition accordingly. In the prior appeal, we found that the county commissioners did not find that the signature had been withdrawn.

{¶ 17} R.C. 2506.04 permits the Common Pleas Court to remand the matter to the board of commissioners if it finds that the order is unconstitutional, illegal, arbitrary, capricious, or not supported by the preponderance of substantial, reliable, and probative evidence.

{¶ 18} The record shows that one commissioner abstained from voting. One commissioner voted to approve the annexation. The third commissioner voted against the annexation, finding that only a minority of the property owners wanted to annex the property because Hoopes wished to withdraw her signature.

{¶ 19} On remand from this court, the trial court concluded that the board of commissioners should have approved the annexation and remanded the matter to the board with instructions to approve the annexation. We find that the court erred in this conclusion, because the record indicates that the commissioners have not yet evaluated the petition on the six statutory factors. The court properly remanded the matter but erred in its directive to the board.

{¶ 20} The first assignment of error is overruled in part and sustained in part.

## II

{¶ 21} Appellant argues that appellee did not appeal the denial of the petition and cannot now challenge it. Our previous opinion found that appellee did appeal the denial of the annexation both to the Court of Common Pleas and to us.

{¶ 22} The second assignment of error is overruled.

{¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. The matter is remanded to the Common Pleas Court with instructions to remand the matter to the board of commissioners for review of the petition according to law and consistent with this opinion and our prior opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

FARMER, P.J., and WISE, J., concur.