[Cite as *Alliance v. Lexington Twp. Bd. of Trustees*, 2011-Ohio-3328.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF ALLIANCE | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-289 |
| LEXINGTON TOWNSHIP BOARD OF TRUSTEES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas Case No. 2007CV03723


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 27, 2011


APPEARANCES:

For Plaintiff-Appellee:

ROBERT R. HUNTER 0026616
470 E. Market Street
Alliance, Ohio 44601

DEBORAH A. DAWSON
Assistant Stark County Prosecutor
110 Central Plaza, South, Ste. 510
Canton, Ohio 44702

For Defendant-Appellant:

KENNETH J. CARDINAL 0010659
758 N. 15th Street
P.O. Box 207
Sebring, Ohio 44672

*Delaney, J.*

{¶1} Appellant Lexington Township Board of Trustees ("Lexington Township") appeals the judgment of the Stark County Court of Common Pleas, which affirmed the Stark County Board of Commissioner's January 27, 2010 Resolution approving the annexation petition of Appellee City of Alliance.

{¶2} The facts underlying this appeal are as follow:

{¶3} On July 17, 2007, the Board held a public hearing on the annexation petition of the City of Alliance to annex 51.279 acres of Lexington Township. Additional testimony was taken by the Board at a subsequent hearing on August 21, 2007. The petition was signed by three of the five property owners, a majority of the owners within the territory. The Board considered the petition and voted on the petition at its August 30, 2007 meeting. As memorialized in a Resolution adopted on August 30, 2007, Commissioners Vignos and Harmon denied the annexation petition on the basis that a majority of the Commissioners did not vote in favor of the annexation. Commissioner Vignos voted in favor of the annexation, Commissioner Harmon voted against it. Commissioner Bosley abstained. Since then, this matter has been in continuous appeal either to the Court of Common Pleas or to this Court.

{¶4} This matter has been before us twice before. In *Alliance v. Lexington Twp. Bd. of Trustees* (Feb. 9, 2009), 5th Dist. No. 2008CA00024,("Alliance I") one of the issues presented was whether a property owner had followed applicable statutory procedures to withdraw her signature from an annexation petition. This Court found that the trial court had erred in finding that the property owner's signature had been withdrawn. We also found the trial court had erred in concluding that because the

signature had been withdrawn, the general good requirement could not be satisfied. We remanded the matter to the Court of Common Pleas for further proceedings.

{¶5} Upon remand, the trial court returned the matter to the Board with instructions to enter an order approving the annexation on their journal. In *Alliance v. Lexington Twp. Bd. Of Trustees*, 185 Ohio App.3d 256, 2009-Ohio-6792, 923 N.E.2d 1172 ("Alliance II"), Lexington Township appealed the remand instructions issued by the trial court. This Court determined, in *Alliance II*, that the trial court erred in concluding that the Board should approve the annexation. We stated: " * * * the court erred in this conclusion, because the record indicates the commissioners have not yet evaluated the petition on the six statutory factors. The [trial] court properly remanded the matter but erred in its directive to the Board." Id. at ¶19. We remanded the matter to the Court of Common Pleas with instructions to remand the matter to the Board for "review of the petition according to law and consistent with this opinion and our prior opinion."

{¶6} On December 29, 2009, the trial court remanded the matter to the Board "for review of the petition according to law and consistent with the decisions of the Fifth District Court of Appeals."

{¶7} On January 27, 2010, new Commissioners Meeks and Ferguson (in place of former Commissioners Vignos and Harmon), approved the annexation petition. Commissioner Bosley again abstained. Prior to the voting, Lexington Township urged the Board to take additional testimony concerning the petition. The Board refused to do so, and instead the new Commissioners relied upon their review of the prior hearing transcripts in approving the petition.

{¶8}   Lexington Township filed a Notice of Appeal with the Board on February 22, 2010. A Notice of Filing Transcript of Proceeding with the Clerk of Courts occurred on March 9, 2010.  The Resolution was added to the record on March 17, 2010, in a supplemental filing with the trial court.

{¶9}   Lexington Township argued before the trial court that the Board lacked jurisdiction to consider the petition because R.C. 709.033(B) mandates that the Board rule upon an annexation petition thirty days from the date of the public hearing, which last occurred on August 21, 2007.  Lexington Township also asserted its substantive procedural due process rights were violated in two ways: first, the new board members who voted on the petition were not the original board members who conducted the public hearings and second, the Board's legal counsel improperly influenced the Commissioners vote.

{¶10} On September 14, 2010, the trial court affirmed the Board's Resolution approving the annexation petition and Lexington Township appealed the entry to this Court.

{¶11} Lexington Township raises  four Assignments of Error:

{¶12}  "I.  THE TRIAL COURT ERRED IN FINDING THAT THE BOARD DID HAVE JURISDICTION OVER THIS PARTICULAR PETITION TO APPROVE THE ANNEXATION MORE THAN THIRTY (30) DAYS AFTER THE DATE OF PUBLIC HEARING.  BOARD LACKS PARTICULAR JURISDICTION WHEN. [SIC]

{¶13} "II.  THE TRIAL COURT ERRED IN FINDING THAT THE BOARD DID NOT VIOLATE THE SUBSTANTIVE PROCEDURAL DUE PROCESS RIGHTS OF THE TRUSTEES   WHEN   THE   NEW   BOARD   MEMBERS   WHO   VOTED   ON   AN

ANNEXATION PETITION WERE NOT THE ORIGINAL BOARD MEMBERS WHO CONDUCTED THE STATUTORY PUBLIC HEARING AND WHO VIEWED THE WITNESSES, EVIDENCE AND JUDGED THE WEIGHT OF THE RELIABILITY AND CREDIBILITY TO BE AFFORDED TO EACH.

{¶14} "III. THE TRIAL COURT ERRED IN FINDING THAT THE BOARD DID NOT VIOLATE THE SUBSTANTIVE DUE PROCESS RIGHTS OF THE TRUSTEES WHEN IT PERMITTED A DE FACTO HEARING OFFICER TO IMPROPERLY INFLUENCE THE BOARD TO VOTE IN FAVOR OF ANNEXATION BY ASSERTING THAT THE COURT ORDERED THE BOARD TO DO SO.

{¶15} "IV. THE TRIAL COURT ERRED IN FINDING THAT AN APPEAL STAYS THE MANDATORY TIME PERIODS THAT A BOARD MAY TAKE OFFICIAL ACTION ON AN ANNEXATION PETITION."

I., IV.

{¶16} We will address the first and fourth assignments of error together because they are interrelated. In the first assignment of error, Lexington Township argues that the trial court erred in determining that the Board had jurisdiction to approve the annexation more than 30 days subsequent to the public hearing date. In the fourth assignment of error, the Township asserts the trial court erred in finding that a notice of appeal stays execution upon all parties.

{¶17} R.C. 709.033 provides, in relevant part:

{¶18} "(B) The board of commissioners shall enter upon its journal a resolution granting or denying the petition for annexation within thirty days after the hearing provided for in section 709.093 of the Revised Code. The resolution shall include

specific finds of fact as to whether each of the conditions listed in divisions (A)(1) to (6) of this section has been met. * * *".

{¶19} Lexington Township concedes the Board originally had subject matter jurisdiction to pass a resolution granting or denying an annexation petition. However, the Township contends the Board lost its jurisdiction over the petition by failing to adopt a resolution for or against annexation after thirty days had elapsed since the public hearing, which then rendered the January 27, 2010 Resolution voidable on direct appeal.

{¶20} We find the position of Lexington Township to be untenable. The record clearly reflects that a resolution was timely passed by the Board. As noted earlier, the Board considered the petition and voted on the petition at its August 30, 2007 meeting, which occurred within thirty days of the August 21, 2007 public hearing. As memorialized in a Resolution adopted on August 30, 2007, Commissioners Vignos and Harmon denied the annexation petition on the basis that a majority of the Commissioners did not vote in favor of the annexation.

{¶21} The August 30, 2007 Resolution formed the basis of the City of Alliance's first notice of appeal to the trial court on September 12, 2007. The August 30, 2007 Resolution was a final order upon the petition and occurred within the mandatory thirty day limit set forth in R.C. 709.033 (B).

{¶22} R.C. 709.07 also states, in relevent part:

{¶23} "(A) The agent for petitioners, any owner of real estate in the territory proposed for annexation, any township in which territory proposed for annexation is located, and the municipal corporation to which the territory is proposed to be annexed

may file an appeal under Chapter 2506 of the Revised Code from a resolution of the board of county commissioners granting or denying the petition. * * * The filing of a notice of appeal with the of clerk of the board of county commissioners shall operate as stay of execution upon that clerk and all parties to the appeal, which stay shall not be lifted until the court having jurisdiction over the proceedings enters a final order affirming or reversing the decision of the board of county commissioners and the time limits for an appeal of that final order have passed with a notice of appeal being filed."

{¶24} It is readily apparent that this matter has been continuously in appellate review since the Board's passage of the August 30, 2007 Resolution denying the instant annexation petition. Accordingly, by operation of law, any action upon the petition was stayed until all appeals have been exhausted. Once that occurs, R.C. 709.07(C) and (D) instruct that the final determination of the court shall be journalized by the clerk of the board.

{¶25} By entry dated December 29, 2009, the trial court remanded this matter to the Board for review of the petition according to law and consistent with this Court's decisions. We therefore find the Board had jurisdiction to consider and vote upon the petition at the Board's January 27, 2010 meeting.

{¶26} The Township's first and fourth assignments of error are overruled.

II.

{¶27} In its second assignment of error, Appellant argues that the trial court erred in finding that the Stark County Board of Commission did not violate the due process rights of the Trustees when Board members who were not the original board members that heard the case issued a final determination on the merits of the case.

{¶28} The safeguards of due process to assure a fair hearing do not require that an administrative decision-maker actually attend the hearing; the requirement is that the decision maker must, in some meaningful manner, consider and appraise the evidence obtained at the hearing. *State, ex rel Ormet Corp. v. Industrial Commission* (1990), 54 Ohio St.3d 102, 107, 561 N.E.2d 920.

{¶29} Obviously over the passage of time, county commissioners are likely to change composition while appellate review occurs concerning any particular annexation petition. It is undisputed that Commissioners Meeks and Ferguson read the entire transcript of the proceedings on the petition (January 27, 2010, T. at 3). In addition, the Board was provided with a summary by a staff member, Rick Flory, that the annexation petition was properly noticed and he provided the Board with a copy of the annexation plat. He also discussed information received from other county officials regarding the petition (Id. at 9-10).

{¶30} The Board's review of the hearing transcripts, in lieu of hearing live testimony, before casting their vote meets the instruction of the *Ormet* court to consider the evidence from the public hearing in a meaningful manner. We conclude that the requirements of due process were satisfied.

{¶31} The Township's second assignment of error is overruled.

III.

{¶32} In its third assignment of error, Appellant argues that the trial court erred in finding that the Board did not violate the due process rights of the Trustees when it permitted a "de facto" hearing officer to influence the Board to vote in favor of annexation by asserting that the court ordered it to do so.

{¶33} At the January 27, 2010, legal counsel for the Board provided a narrative of the lengthy legal history of this matter, such as the rulings by the trial court and this Court. Counsel also instructed the Board as to statutory requirements set forth in R.C. 709.033 for considering an annexation petition. She advised the Board members they had discretion in considering certain factors, such as the general good requirement, and that their decision be based upon a preponderance of substantial reliable and probative evidence.

{¶34} Upon our independent review of the transcript, we find nothing in the record to suggest that legal counsel acted improperly or attempted to influence the Board in its vote. At no time did legal counsel indicate that the Board was ordered to vote in favor of or against the petition.

{¶35} The Township's third assignment of error is overruled.

{¶36} For the foregoing reasons, we affirm the decision of the Stark County Court of Common Pleas.

By: Delaney, J.

Hoffman, P.J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CITY OF ALLIANCE                          :
                                          :
              Plaintiff-Appellee          :
                                          :
                                          :
                                          :
-vs-                                      :       JUDGMENT ENTRY
                                          :
LEXINGTON TOWNSHIP BOARD OF               :
TRUSTEES
                                          :
              Defendant-Appellant         :       Case No. 10-CA-289
                                          :


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.


                                   _____

                                   HON. PATRICIA A. DELANEY


                                   _____

                                   HON. WILLIAM B. HOFFMAN


                                   _____

                                   HON. JULIE A. EDWARDS